# IN RE BEAR RIVER IRRIGATION DISTRICT

## MEYERS, ET AL. v. STEWART, ET AL.

(No. 2004; March 9, 1937; 65 Pac. (2d) 686)

344

For the appellants, the cause was submitted upon the briefs of *Louis Kabell, Jr.* and *R. Dwight Wallace* of Evanston.

For the respondent, there was a brief and the cause was argued orally by *P. W. Spaulding* of Evanston.

BLUME, Chief Justice.

On November 19th, 1935, an order was entered in the district court of Uinta County establishing the Bear River Irrigation District, and appointing the appellants herein as the commissioners of the district. These commissioners took the oath required by law and filed a bond as directed by the statute and the order of the court on December 19th, 1935. On January 27, 1936, the appellants filed a petition in the district court, alleging that they had employed a civil engineer to do all preliminary work so that assessments might properly be made as required by law; that a suit had been commenced in the Federal court to restrain the construction of a reservoir and irrigation works contemplated by the irrigation district, and that the district has been made a defendant in that suit. They accordingly asked for authority to issue interest bearing warrants of the irrigation district in the sum of $8000 to defray the expenses of such preliminary work, to defend in the suit above mentioned, and to pay incidental expenses. On the hearing of this application on March 2, 1936, the court denied the right to issue such warrants, on the ground that none could be issued till an assessment had been made, and from a judgment to that effect the commissioners have appealed.

Counsel for the objectors herein claims that the petition for the organization of the district was not

verified, and that hence the court did not acquire jurisdiction to establish the district. He calls attention to Section 89-1048, Rev. St. 1931, providing that every pleading must be verified. It is, however, doubtful that this provision of the Code of Civil Procedure applies in the special proceeding for the establishment of an irrigation district. Furthermore, even if it did, the failure to so verify it would be but a defect or irregularity and would not be jurisdictional. The attack on the decree in the instant proceeding is collateral, and no objections to it can be urged herein unless jurisdictional. It is also contended that the fees for attorneys sought to be expended will not be for the benefit of the district. That point is not clear, but need not be decided herein.

Counsel for the appellants contend that the power to employ attorneys and other persons for the purpose of the district has been expressly granted. That is true. Sec. 122-713, Rev. St. 1931. They contend further that this power carries with it, by implication, all powers necessary or incidental to the exercise of that which has been expressly granted. That is the ordinary rule. At the same time the statutes applicable are the measure of the power possessed by the district and its commissioners. 67 C. J. 1315-1317. The legislature has, seemingly, attempted to provide for all cases in which the district may borrow money and issue its interest bearing notes or bonds, and we take it that the "warrants" sought to be authorized herein would come within the meaning of "note" and "bond." Section 122-731, Rev. St. 1931 provides:

"The commissioners may borrow money, not exceeding the amount of 'assessment for construction,' as herein provided, unpaid at the time of borrowing for such purposes, or for the payment of any indebtedness they may have lawfully incurred, and may secure the same by notes and bonds" etc.

While the foregoing provision is somewhat equivocal,

we think that the legislature meant thereby to provide that money may be borrowed and secured for the cost of·construction of the irrigation works of the district and for the purpose of defraying any other lawful and proper indebtedness incurred by the . district. That would seem to include all proper cases and contingencies when money may be borrowed. Having made such complete provision, it would seem that the rule of expressio unius est exclusio alterius is applicable. Hence the limitations of Section 122-731, supra, must apply also. That limitation is that the amount cannot exceed the amount due on assessments. But the assessments have not been made. No one knows whether they will be made or will ever be confirmed by the court. Thus no one can tell until these have been made, whether the commissioners are authorized to issue any notes or warrants in any amount. In the case of Elliott v. Calamus Irrigation District, 120 Nebr. 714, 235 N. W. 95, it appears that the statutes provided that "no irrigation district shall in any year issue warrants in excess of ninety per cent of the levy for said year." Warrants had been issued before any assessment or levy had been made, and the validity of these warrants came into question. The principle applicable in that case would seem to be applicable in this. The court, holding the warrants void, stated:

"The above cited statutes clearly provide that, before any warrants may be issued by the board, a levy must have been made therefor. But in the present case warrants in the sum of $10,000 were issued before any levy was made. The statutes governing the organization and management of an irrigation district are mandatory and this, of course, is clearly to protect the owners of lands that are subject to irrigation in the district. It follows that the mandate in such case must be strictly construed. An irrigation district is a public corporation and the powers of its officers and directors are strictly limited by the statute under which the district is organized and created. Lincoln &. Dawson

County Irrigation District v. McNeal, 60 Neb. 613; Board of Directors of Alfalfa Irrigation District v. Collins, 46 Neb. 411. During all of the time material to this inquiry, the plaintiff and the officers of the district, as well, were charged with notice of the statutory powers and limitations of such officers by the provisions of the statutes relating thereto. Paxton Irrigation District v. Conway, 94 Neb. 205. And, in the absence of a levy therefor, the directors of an irrigation district board are without statutory authority to issue warrants in any amount."

That this construction is correct seems to be clearly indicated by other sections of the statute applicable to irrigation districts. Sec. 122-714 (subd. 5-7) provides that organization expenses, of which the class of expenses mentioned in the application herein are, we think, a part, shall be included in the assessments to be made against the lands. Further, Section 122-721 provides:

"In case the petition or proceedings are dismissed as provided herein, a judgment shall be entered against the petitioners, and in favor of the commissioners for the costs, expenses and liabilities incurred in said proceedings, for the benefit of those who have rendered services or advanced money in the prosecution of said proceedings or have recovered costs on successful contests therein."

It is apparent that this section provides for, or at least includes, costs and expenses incurred by the commissioners in fulfilling their duties, and contemplates the possibility that the proceedings will be dismissed and that no assessments whatever will ever be made. Provision has, accordingly, been made for cases in which expenses have been lawfully incurred, but when, notwithstanding that, no notes or bonds can be issued, thus fully and completely covering all situations with reference to the payment of proper expenses of the commissioners in the performance of their duties. The section last quoted meets a situation often met by

350

parties who promote and organize a private corporation. The latter may never come into funds, and the promoters, accordingly, must defray the expenses of the organization. See Biggart v. Lewis, 183 Cal. 660, 192 Pac. 437; 67 C. J. 1305. So in the case of irrigation districts. That district may never be fully and completely organized. No assessments may ever be made. So the promoters of the district are made the responsible parties. See 67 C. J. 1305.

It is clear, accordingly, that the judgment of the trial court is correct, and it is, accordingly, affirmed.

*Affirmed.*

RINER and KIMBALL, JJ., concur.