2008 WY 110

**Richard COFFINBERRY,
Appellant (Plaintiff),**

v.

**BOARD OF COUNTY COMMISSIONERS
OF the COUNTY OF HOT SPRINGS,
Wyoming, Appellee (Defendant).**

No. S–08–0053.

Supreme Court of Wyoming.

Sept. 18, 2008.

Representing Appellant: Richard Coffinberry, Pro Se.

Representing Appellee: Jerry D. Williams, Hot Springs County Attorney, Thermopolis, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The Board of County Commissioners of Hot Springs County, Wyoming, issued and advertised a Request for Proposals for Lease and Management of Airport Facilities. The Board received three proposals, including one from the appellant. When the Board did not accept his proposal, the appellant filed in the district court a Petition for Declaratory Judgment in which he sought monetary damages in the amount of his bid, a declaration that the contract awarded was null and void, and a determination of his "rights, status or other legal relations as allowed by § 1–37–103."[1] Both parties filed motions for summary judgment, the Board via a motion so denominated, and the appellant by a single sentence in the prayer for relief in his extensive "traverse" to the Board's motion. The district court granted the Board's motion on dual grounds: that the appellant's petition did not meet the dictates of the Wyoming Governmental Claims Act found at Wyo. Stat. Ann. § 1–39–101 *et seq.* (LexisNexis 2007), and that the appellant had failed to identify with particularity any contract, ordinance, statute, or constitutional provision upon or under which his "rights, status, or legal relations" could be determined.[2] This appeal followed. We will affirm.

## ISSUES

[¶ 2] We re-phrase the parties' stated issues as follows:

1. Was summary judgment appropriate on the appellant's claim for monetary damages?

2. Was summary judgment appropriate on the appellant's claim for declaratory relief?

## STANDARD OF REVIEW

[¶ 3] Summary judgment may be the appropriate resolution in a declaratory judgment action. *Coffinberry v. Town of Thermopolis*, 2008 WY 43, ¶ 4, 183 P.3d 1136, 1137 (Wyo.2008).

When this court reviews a grant of summary judgment entered in response to a petition for declaratory judgment, we in-

---

1. Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2007) provides as follows:

   Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

2. These rulings are contained in the district court's written order. When the court ruled from the bench after the hearing upon the Board's motion, it used the term "no standing" in describing the appellant's failure to identify a particular contract, ordinance, statute, or constitutional provision as the basis for his request for declaratory relief. It is our perception, having reviewed the context of the court's pronouncement and the later written order, that the district court was not using the word "standing" in its technical, jurisdictional, sense, but rather as a means of describing the absence of an identified instrument upon which the court could exercise its authority under the declaratory judgment act.

voke our usual standard for review of summary judgments. The summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. In this instance, there is no contention that any genuine issue of material fact exists, and our concern is strictly with the application of the law. An issue of statutory interpretation presents a question of law. We accord no deference to the district court on issues of law and may affirm the summary judgment on any legal grounds appearing in the record.

*Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist.*, 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo.2001) (citations omitted).

## DISCUSSION

■ [¶ 4] The appellant's Petition for Declaratory Judgment does not allege or reflect compliance with the required claims procedures contained in the Wyoming Governmental Claims Act found at Wyo. Stat. Ann. § 1–39–101 *et seq.* (LexisNexis 2007). As a result, both the district court and this Court lack jurisdiction to consider the monetary claim. *Amrein v. Wyo. Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993). Therefore, we will give no further consideration to the claim for monetary damages.

[¶ 5] As to the second basis for the summary judgment—that the appellant failed to identify a particular contract, ordinance, statute, or constitutional provision upon which the district court could exercise its authority to declare the appellant's rights—we will come to the same conclusion as did the district court, but we will travel along a somewhat different path. The district court's inability to determine the exact nature of the declaratory relief being sought by the appellant is certainly understandable, given the dearth of guidance provided in the petition, and the misguided nature of the same in the "traverse." We believe, however, that we can discern the appellant's statutory argument.

■ [¶ 6] In his petition, the appellant claims that the Board "violated the intent of Title 10 . . . ." This is, no doubt, a reference to Title 10 of the Wyoming Statutes, which is entitled "Aeronautics." In his "traverse," the appellant cites Wyo. Stat. Ann. § 10–5–101(a)(iv) (LexisNexis 2007), which reads as follows:

(a) Municipal corporations and counties within the state are authorized at the discretion of their governing boards, acting either singly or jointly, to:

. . . .

(iv) Lease or let any portion of the area, buildings or facilities to any private person or corporation, upon terms deemed satisfactory. Notice shall be given by publication at least once a week for two (2) consecutive weeks in a newspaper published in a town or county in which the airport is located when it is proposed that all the area and total facilities are to be leased[.]

■ [¶ 7] It is at this point that the appellant's legal argument falls apart. He opines that the statute's publication requirement translates into a requirement that the Board may accept only the lowest cost bid, yet he cites no authority directly establishing this proposition. He does cite numerous unrelated statutes from other titles, and then further opines that the reading of those statutes *in pari materia* requires his desired result.[3] General statutes governing public works and public contracts do not, however, control over a specific statute governing the leasing of airport facilities, especially where some of those statutes do not even apply to counties. *See Prokop v. Hockhalter*, 2006 WY 75, ¶ 14, 137 P.3d 131, 135 (Wyo.2006) (specific statute controls over a general statute on the same subject). Wyo. Stat. Ann. § 10–5–101(a)(iv) gives boards of county commissioners the discretion to lease all or part of an airport "upon terms deemed satisfactory." This discretion is not unfettered,

---

**3.** The appellant cites, for example: Wyo. Stat. Ann. § 15–1–113(c) (LexisNexis 2007), which deals with bids for municipal public improvement projects; Wyo. Stat. Ann. § 16–6–102 (LexisNexis 2007), which deals with residential preferences and low bid requirements for bids let for public building and public work projects; and Wyo. Stat. Ann. § 36–5–101(b) (LexisNexis 2007), which sets the formula by which the rental amount for state lands is calculated.

of course, but beyond the unsupported accusations of his "traverse," the appellant provides no sworn proof of an abuse of discretion on the part of this Board.[4]

[¶ 8]   The affidavit of the Hot Springs County Clerk attached to the Board's Motion for Summary Judgment sets forth the details of the notice and advertisement process involved in regard to the airport project, and states that no contract was made with the appellant.   The appellant has supplied no affidavits, deposition testimony, or other sworn evidence in response to the Board's motion, or in support of his own, that could stand as the basis for the court's declaration that the contract signed by the Board should be declared null and void as violative of Wyo. Stat. Ann. § 10–5–101(a)(iv).   The record presents no disputed issues of material fact.

Further, the Board is entitled to summary judgment as a matter of law because the appellant has provided neither citation to pertinent authority nor cogent argument to establish that, as a person whose lease proposal was not accepted, he has personal rights under Wyo. Stat. Ann. § 10–5–101(a)(iv) that could be determined or declared under Wyo. Stat. Ann. § 1–37–103. *See Amrein*, 851 P.2d at 772.

[¶ 9]   We affirm.

---

4.   Unsubstantiated allegations in the "traverse," which was not signed under oath, include allegations that the Board had ulterior motives in accepting a particular proposal connected to an attempt to build a new airport at F.A.A. expense, that the advertising and interviews were a sham, that the Board had not enforced the terms of the previous contract, that the previous lessees spent little time at the airport, that the number of aircraft using the airport had declined, that the Board and the previous lessee had conspired to hide or disguise operational statistics, that the Board spread the costs of running the airport over many accounts not related to the airport, and that the contract-letting was a "good-old-boy" process.