2009 WY 86

**Bonnie A. McCANN, Appellant (Plaintiff),**

v.

**CITY OF CODY, Wyoming, Appellee (Defendant).**

No. S-08-0134.

Supreme Court of Wyoming.

July 6, 2009.

Representing Appellant: John R. Hursh of Central Wyoming Law Associates, P.C., Riverton, Wyoming.

Representing Appellee: Tracy J. Copenhaver and Scott E. Kolpitcke of Copenhaver, Kath, Kitchen & Kolpitcke, LLC, Powell, Wyoming. Argument by Mr. Kolpitcke.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶1] Appellant, Bonnie A. McCann (McCann), seeks review of the district court's order granting summary judgment in favor of Appellee, City of Cody. McCann was injured in an automobile accident which she claimed was caused by the negligence of the City of Cody and its contractor, Harris Trucking and Construction Company (Harris). The district court granted summary judgment in Cody's favor because McCann's complaint did not allege that she had complied with the constitutional and statutory requirements of maintaining such an action against a governmental entity, as required by our ruling in *Beaulieu v. Florquist,* 2004 WY 31, ¶¶ 10–15, 86 P.3d 863, 866–69 (Wyo.2004) (*Beaulieu II* ). We affirm the district court's summary judgment order.

### ISSUES

[¶2] McCann raises these issues:

A. Did the district court err in finding that the administrative prerequisites for the filing of a claim under the Wyoming Governmental Claims Act, W.S. § 1–39–101 et seq. could be distinguished from the constitutional and statutory prerequisites.

B. Did the district court err in granting summary judgment for a failure to satisfy the pleading mandates of *Beaulieu v. Florquist,* 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II* ) where all of the constitutional and statutory requirements for the filing of a claim under the Governmental Claims Act were met by [McCann] and the compliance paragraph of the Complaint referred to these requirements as administrative prerequisites rather than constitutional and statutory prerequisites, when the requirements are the same.

Cody rephrases the issues into this statement:

> The district court properly found that it lacked subject matter jurisdiction because [McCann's] complaint failed to allege that she complied with the Wyoming Constitution and Wyoming Governmental Claims Act when she filed her claim against the City of Cody.

## FACTS AND PROCEEDINGS

[¶ 3] McCann filed a complaint against Cody on April 6, 2007. In that complaint, McCann alleged that on December 15, 2005, a waterline was broken in the course of a construction project being done at the behest of Cody. That work was being done by Harris Trucking. Water from the broken waterline backed up onto the roadway and instantly froze. No signage or other warning devices were in place when McCann happened onto the scene in her automobile. The icy conditions caused her car to flip over. McCann suffered significant personal injuries and her car was damaged. McCann further contended that her damages were caused, at least in part, by negligent acts committed by Cody. In her complaint, McCann asserted that:

> [T]he administrative prerequisites for the filing of this claim have been met inasmuch as [McCann's] Verified Notice of Claim was served upon the City of Cody, Wyoming at the office of its business manager on December 26, 2006 to which there has been no response.

McCann filed an amended complaint adding Harris as a defendant, and that complaint contained a provision identical to that quoted above. The claim McCann filed with the City of Cody on December 7, 2006 included a "Verification Affidavit" which attested to the truthfulness of her claim "under penalty of perjury." On December 7, 2006, an identical claim was filed with the State of Wyoming, containing the same affidavit.

## DISCUSSION

[¶ 4] In *Beaulieu II* we held:

> Many cases have come before this court involving the statutory and constitutional requirements for making a claim against a governmental entity. In resolving the issues raised in those cases, we have created a rule whereby, in order to invoke the jurisdiction of the district court, the complaint must allege the filing of a claim with the governmental entity and it must allege the date of that filing. *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993); *Awe v. University of Wyoming*, 534 P.2d 97, 102 (Wyo.1975), overruled on other grounds by *Dye by Dye v. Fremont County School Dist. No. 24*, 820 P.2d 982, 986 (Wyo.1991).

> Many of our prior cases have dealt with the necessity of alleging such filing and the date of filing under Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2003), or similar statute, as a condition precedent to suit.... However, as early as *Utah Const. Co. v. State Highway Commission*, 45 Wyo. 403, 19 P.2d 951, 953 (1933), we held that statutes granting the right to sue the state must be construed in consonance with the constitution, and that plaintiffs cannot comply with the constitution by reducing a claim to judgment and then filing that judgment as a claim against the state. The gist of that dual holding is that a claim filed with the governmental entity must meet the constitutional, as well as the statutory, requirements. In *Beaulieu I*, 2001 WY 33, ¶ 13, 20 P.3d at 526, we reiterated that precept: "It never has been questioned that a claim against the State must comply with the requirements of Wyo. Const. art. 16, § 7." A logical inference from that statement is that, just as in the case of a plaintiff's failure to allege his claim's compliance with statutory requirements, failure to allege his claim's compliance with constitutional requirements results in a lack of subject matter jurisdiction.

> Unfortunately, our precedent on this issue is not consistent. Even in *Beaulieu I*, 2001 WY 33, ¶ 14, 20 P.3d at 527, where we recognized that governmental claims must meet constitutional requirements, we also noted that this court "has ruled that the execution requirements of art. 16, § 7 can be waived by failing to assert the issue in the trial court...." That suggests that the

constitutional requirements are not jurisdictional, because the question of subject matter jurisdiction can be raised at any time and is not waived even if not raised below. *Boyd*, 909 P.2d at 325 (*quoting United Mine Workers of America Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1283–84 (Wyo.1989); *Nicholaus v. Nicholaus*, 756 P.2d 1338, 1342 (Wyo.1988); *Bd. of Trustees of Univ. of Wyo v. Bell*, 662 P.2d 410 at 415 (Wyo.1983). We have, in fact, previously stated that the constitutional signature and certification requirements, unlike the statutory filing requirements, are not jurisdictional:

The State . . . contends that an omission of the correct certification results in a failure of subject matter jurisdiction, and the issue can be raised at any time in the proceeding. We do not agree with this contention. The failure to verify or certify as the constitution now reads is nothing more than a defect or an irregularity that is not jurisdictional.

*Martinez v. City of Cheyenne*, 791 P.2d 949, 958 (Wyo.1990).

We now believe that *Martinez* was wrongly decided and that it must be overruled. The above-quoted statement from Martinez was supported by a citation to *In re Bear River Irr. Dist.*, 51 Wyo. 343, 65 P.2d 686 (1937). Bear River Irr. Dist., however, did not involve the filing of a governmental claim nor did it involve the signature and certification requirement of Wyo. Const. art. 16, § 7. Rather, *Bear River Irr. Dist.* concerned a petition for the organization of an irrigation district, and a provision in the statutory Code of Civil Procedure that required pleadings to be verified. *Bear River Irr. Dist.'s* holding that the failure to meet that statutory verification requirement was "but a defect or irregularity" that was not jurisdictional simply should not be equated with the failure to comply with a constitutional signature and certification requirement for the presentation of a claim against a governmental entity. *In re Bear River Irrigation Dist.*, 65 P.2d at 687. Over a hundred years ago, we recognized the special significance of the signature and certifica-

tion requirements when governmental claims are involved:

[I]t is plain that the purpose of requiring a full itemized statement was to hedge a county board about with such restrictions in the allowance of bills that the individual citizens and taxpayers might have the means of knowing the cause and validity of county expenditures, and that the requirement for verification has for its object a showing of good faith and honesty in the presentation of the bill, and some evidence of the truth, justness, and correctness of the claim. As was said in a recent case, the provisions are "designed to protect the board from importunities to pass upon claims before they are presented in such a way as to be considered intelligently, to enable it to easily eliminate improper charges from claims, and to enable taxpayers to detect abuses in the allowance of claims."

*Houtz v. Board of Com'rs of Uinta County*, 11 Wyo. 152, 70 P. 840, 842 (1902) (*quoting Northern Trust Co. v. Snyder*, 113 Wis. 516, 89 N.W. 460 (1902)).

*The rule that the timely filing of a proper claim with the governmental entity is a condition precedent to suit is a judicially created rule. Awe, 534 P.2d at 102. Heretofore, we have limited the application of that rule, when determining the presence or absence of subject matter jurisdiction, to the statutory requirements; that is, we have required only that the complaint allege the filing of the claim and the date of such filing. We now hold, however, that the complaint must also allege compliance with the signature and certification requirements of the state constitution. No proper claim has been filed if it does not meet those constitutional requirements, so the district court does not obtain subject matter jurisdiction until those constitutional requirements are met. That, in effect, was the essence of the holding in Beaulieu I.*

It is important to distinguish between the constitutional signature and certification requirements and the judicially created condition precedent requirement.

While we recognized as long ago as *Utah Const. Co.* that governmental claims must meet the constitutional requirements, we have not heretofore required that complaints allege such compliance. It is our intention clearly to do so now. *Inasmuch as the courts do not have subject matter jurisdiction over a governmental claim that has not met the constitutional requirements, it shall henceforth be incumbent upon the plaintiff in such a case to allege in his or her complaint not only compliance with statutory filing requirements, but compliance with constitutional signature and certification requirements. This rule shall apply to all complaints filed after the date of publication of this opinion.* [Emphasis added.]

*Beaulieu II,* ¶¶ 10–15, 86 P.3d at 866–869. *Beaulieu II* was published on March 25, 2004.

[¶ 5]  Wyo. Const. art. 16, § 7 provides:

No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

[¶ 6]  Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2009) provides:

(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(i) Not reasonably discoverable within a two (2) year period; or

(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

(b) The claim shall state:

(i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;

(ii) The name, address and residence of the claimant and his representative or attorney, if any; and

(iii) The amount of compensation or other relief demanded.

(c) All claims against the state shall be presented to the general services division of the department of administration and information. Claims against any other governmental entity shall be filed at the business office of that entity. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit.

[¶ 7]  Our decision in *Beaulieu II* is dispositive here. We have repeatedly upheld the stringency of that rule over the intervening years. *Gose v. City of Douglas,* 2008 WY 126, ¶¶ 14–18, 193 P.3d 1159, 1163–64 (Wyo. 2008); *Coffinberry v. Board of County Commissioners,* 2008 WY 110, ¶ 4, 192 P.3d 978, 980 (Wyo.2008) (failure to comply with statutory requirements; no mention of constitutional requirements); *Cantrell v. Sweetwater County School Dist. No. 2,* 2006 WY 57, ¶ 7, 133 P.3d 983, 985–86 (Wyo.2006); *Hochalter v. City of Gillette,* 2005 WY 125, ¶¶ 10–21, 120 P.3d 674, 677–80 (Wyo.2005); *Lavatai v. State,* 2005 WY 133, ¶¶ 1–13, 121 P.3d 121, 121–25 (Wyo.2005) (see especially ¶¶ 8–13 discussing "substantial compliance"); *Wilson v. Town of Alpine,* 2005 WY 57, ¶¶ 5–7, 111 P.3d 290, 291–92 (Wyo.2005); *Jauregui v. Memorial Hospital of Sweetwater County,* 2005 WY 59, ¶¶ 6–7, 111 P.3d 914, 916 (Wyo. 2005); *Wooster v. Carbon County School Dist. No. 1,* 2005 WY 47, ¶¶ 6–22, 109 P.3d 893, 895–900 (Wyo.2005); *Laughter v. Board of County Commissioners,* 2005 WY 54, ¶¶ 14–16, 110 P.3d 875, 880–81 (Wyo.2005); *Bell v. Schell,* 2004 WY 153, 101 P.3d 465 (Wyo.2004).

## CONCLUSION

[¶ 8]   In the instant case, McCann did not include in her complaint an averment that she had complied with the requirements we set in the above cited cases. This was true both with respect to the statutory requirement and the constitutional requirement. For these reasons the district court did not acquire subject matter jurisdiction of the complaint and we, likewise, have no jurisdiction here.

HILL, J., delivers the opinion of the Court; BURKE, J., files a dissenting opinion, with whom KITE, J., joins.

BURKE, Justice, dissenting, with whom KITE, Justice, joins.

[¶ 9]   I respectfully dissent for three reasons. First, the allegations of the complaint, when reviewed in the light most favorable to Ms. McCann, sufficiently allege the prerequisites for the district court's subject matter jurisdiction. Second, if the complaint is insufficient, the plaintiff should be allowed to amend the complaint. Third, if the judicially created rules for pleading a governmental claim lead to the conclusion that this complaint is legally insufficient and plaintiff is not permitted to amend it, those rules should be abolished. They serve no useful purpose, and create unwarranted obstacles to the determination of governmental claims on their merits.

[¶ 10]   This is essentially a pleading case.[1] The Wyoming Rules of Civil Procedure "govern procedure in all courts of record in the State of Wyoming, in all actions, suits or proceedings of a civil nature." W.R.C.P. 1. In *Beaulieu v. Florquist*, 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II*), the Court reaffirmed that compliance with the claim requirements of the Wyoming Governmental Claims Act and Article 16, § 7 of the

Wyoming Constitution were conditions precedent to suit. The Court also announced a new pleading requirement mandating that a complaint asserting a cause of action under the Wyoming Governmental Claims Act must allege compliance with the statutory and "constitutional signature and certification requirements." *Beaulieu II*, ¶ 15, 86 P.3d at 869.

[¶ 11]   W.R.C.P. 9 specifically addresses pleading requirements for conditions precedent. It states: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." W.R.C.P. 9(c). The purpose of this rule "is to prevent dismissals of meritorious cases if the plaintiff fails specifically to plead occurrence of conditions precedent." *Johnson v. Aetna Cas. & Sur. Co.*, 608 P.2d 1299, 1304 (Wyo.1980). Rule 9(c) is not restricted to any particular type of action and there is no reason that the rule should not be applied to litigation involving the Wyoming Governmental Claims Act. This Court has never held that the rules of civil procedure should not be applied to governmental claims and I can conceive of no justification for failure to apply those rules in this case. Neither the district court in granting summary judgment, nor the majority in upholding that decision, have addressed whether the Rule 9 pleading requirements were met. The complaint would have met the requirements of Rule 9 if Ms. McCann had merely asserted that "all conditions precedent have been performed or have occurred."

[¶ 12]   In her complaint, Ms. McCann alleged:

12.   That the administrative prerequisites for the filing of this claim have been met inasmuch as the plaintiff's Verified Notice of Claim was served upon the City

---

1.   The district court granted summary judgment against Ms. McCann solely on the basis that Ms. McCann failed to plead compliance with the statutory and constitutional requirements. With the exception of *Gose v. City of Douglas,* none of the decisions cited by the majority required the Court to determine whether the plaintiff failed to properly plead jurisdiction. 2008 WY 126, 193 P.3d 1159 (Wyo.2008). In *Gose,* we rejected plaintiffs' contention that their complaint met the *Beaulieu* requirements. The decision in *Gose,* however, did not deprive the plaintiffs of the opportunity to have their case determined on the merits. We reversed the district court's dismissal with prejudice and, although the limitation period had expired, remanded with specific instructions that the district court's order of dismissal provide the Goses with "a reasonable time . . . to file a new complaint." *Id.,* ¶ 21, 193 P.3d at 1165.

of Cody, Wyoming at the office of it's [sic] business manager on December 26, 2006 to which there has been no response.

In determining whether this allegation is sufficient to satisfy the pleading requirements, we are required to follow the mandates of Rule 8(f) which states: "All pleadings shall be so construed as to do substantial justice." We do not require technical forms of pleading. Rather, the plaintiff need only plead the operative facts of the litigation so that the defendant or defendants have fair notice of the claim. *E.g.*, *Harris v. Grizzle*, 599 P.2d 580, 583 (Wyo.1979); *Washakie County School Dist. No. One v. Herschler*, 606 P.2d 310, 316 (Wyo.1980). When these rules are applied, I would hold that the allegations relating to satisfaction of conditions precedent were sufficient.

[¶ 13] The City does not contend that it lacked "fair notice" and it appears that the jurisdictional allegations were initially viewed as sufficient by the City and the district court. In its answer, the City did not make any assertion that the complaint was inadequate or that the plaintiff had failed to comply with the judicially created pleading requirement announced in *Beaulieu II*.[2] The City waited more than a year before filing its summary judgment motion.[3] During that intervening time, the City had filed an answer, discovery had taken place, a scheduling conference had been held, and plaintiff had been granted leave to file an amended complaint to add an additional defendant. Despite these numerous opportunities to review the complaint, the district court apparently did not perceive any defect in the jurisdictional allegations.

[¶ 14] Ms. McCann contends that from a common sense and notice pleading perspective, the use of the word "administrative" should not result in dismissal of her cause of action. I agree. While it may be unclear

what Ms. McCann meant by use of the term "administrative," the only "prerequisites" that must be met are compliance with the claim requirements of the Wyoming Governmental Claims Act and Article 16, § 7 of the Wyoming Constitution. The City views the term "administrative" as a term of art. It asserts that "administrative" did not, and could not, mean "statutory" and "constitutional." From my perspective, that interpretation is much too narrow and is at odds with our jurisprudence requiring liberal construction of pleadings and the requirements of the rules of civil procedure.

[¶ 15] Federal courts, being courts of limited jurisdiction, have frequently addressed the question of whether jurisdiction has been sufficiently pled. As a general proposition, federal courts do not require technical forms of pleading when determining whether subject matter jurisdiction has been properly pled.

As is true of determining whether a federal district court actually has subject matter jurisdiction, compliance with Rule 8(a)(1) is ascertained by looking at the entire complaint, not merely to what purports to be the jurisdictional statement.

Thus, allegations of the district court's subject matter jurisdiction, which standing alone might be sufficient, will not protect the pleader against a motion to dismiss under Rule 12(b) if an examination of the entire complaint reveals that the assertion of jurisdiction is not substantial or that the jurisdictional statements were not made in good faith. Conversely, *the district court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming subject matter jurisdiction* other than one that has been improperly asserted by the pleader or otherwise demonstrates that jurisdiction exists when the Rule 8(a)(1) allegation is defective in some regard. In some cases

---

**2.** If the complaint was deficient, the City could have, and should have, raised its jurisdictional defenses at the outset. Where a condition precedent must be satisfied, the Rules impose specific pleading requirements upon defendants. "A denial of performance or occurrence shall be made specifically and with particularity." W.R.C.P. 9(c). It does not appear that the City met those requirements.

**3.** The City offers no explanation for its failure to challenge the sufficiency of the complaint until after the statute of limitations had expired. If the City's delay was intentional, those tactics should not be condoned. *See infra* ¶¶ 17–19.

federal courts have *excused the nonexistence of a jurisdictional allegation or an insufficient allegation when information outside the complaint demonstrates the actual existence of the court's jurisdiction.*

Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1206, at 113 (2004) (footnotes omitted; emphasis added). *E.g., Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1382 (10th Cir.1978); *Com. of Mass. v. U.S. Veterans Admin.,* 541 F.2d 119, 122 (1st Cir.1976); *Kelleam v. Maryland Cas. Co.,* 112 F.2d 940, 943 (10th Cir.1940), *rev'd on other grounds,* 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941). We should not apply a strict interpretation to the jurisdictional allegations contained in plaintiff's complaint. When the rules of civil procedure are properly applied, the complaint satisfies the jurisdictional requirements.

[¶ 16] From a practical perspective, it is not necessary to resolve this issue. If the pleading is insufficient, Ms. McCann should be permitted to amend her complaint.[4] W.R.C.P. 15(a) allows pleadings to be amended either as a matter of course or with leave of court, depending on the circumstances. The rule specifically provides that permission to amend a pleading "shall be freely given when justice so requires." W.R.C.P. 15(a). As we long ago observed:

In considering a matter of this character, although it seems almost trite to repeat, amendments of pleadings should be freely and liberally allowed in the interest of justice.

* * *

The Supreme Court of the United States, in *Foman v. Davis,* 371 U.S. 178, [182], 83 S.Ct. 227, 230, 9 L.Ed.2d 222 [ (1962) ], set out what appears to be the proper test as to what the trial court should consider when an amendment is proffered as follows:

" * * * If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' * * * "

*Beaudoin v. Taylor,* 492 P.2d 966, 968, 970 (Wyo.1972) (footnote omitted). Stated more succinctly, amendments should be allowed unless it will prejudice the adverse party. *Id.* at 970. There is no suggestion in this case that the City would be prejudiced by allowing amendment of the complaint except for the obvious fact that they would be required to defend the complaint on the merits.

[¶ 17] Allowing amendment of the complaint is not only authorized by the rules, it also prevents gamesmanship such as that reflected in *Lavatai v. State,* 2005 WY 133, 121 P.3d 121 (Wyo.2005). In *Lavatai,* the State waited until the day after the two-year claim period expired to file a motion for summary judgment alleging that the plaintiff's claim was deficient. ¶ 5, 121 P.3d at 123. Justice Kite in her concurring opinion commented:

The record is replete with evidence showing that the State willfully withheld the information about its defense from Mr. Lavatai, in hopes that the two-year period under the Governmental Claims Act would expire before he realized his mistake. The State did not respond to his interrogatories in accordance with the rules of civil procedure, and, when it did respond on behalf of the snowplow operator defendant, it did so in a consciously oblique manner. The State's actions, which included conducting discovery, served the purpose of lulling Mr. Lavatai into believing there was no statute of limitations problem. This implication was strengthened at a scheduling conference in January 2003, when the

---

4. Ms. McCann raised the question of amendment in the district court. The City responded by stating—without citing any authority—that "[t]he only appropriate remedy is summary judgment" in the City's favor. It does not appear that the court considered allowing amendment as an alternative to dismissal.

State indicated that it would file a dispositive motion but did not specify that the basis for the motion would be a lack of jurisdiction or expiration of the statute of limitations. Then, immediately after the two year period ran out, the State filed its summary judgment motion challenging the district court's subject matter jurisdiction. Obviously, the State deliberately intended to delay Mr. Lavatai's discovery of the defect in his claim in order to allow the statute of limitations to expire.

This conduct resulted in a "win" for the State, but at what cost? ... I do not believe the State's actions in this case demonstrate the high standard of candor, honesty, and good faith required by our rules of civil procedure, rules of professional conduct, and precedent....

As we have recognized in other cases, the government "wins its point whenever justice is done its citizens in the courts." ... I wonder if the State honestly believes Mr. Lavatai was afforded justice in this case.

*Id.*, ¶¶ 19–21, 121 P.3d at 126–27 (Kite, J., concurring) (internal citations omitted).

[¶ 18] Although the City denies any wrongdoing in this case, the record indicates that the City waited until the time for Ms. McCann to file a proper claim and initiate litigation had expired before asserting its jurisdictional challenge. According to the complaint, Ms. McCann was injured on or about December 15, 2005. She had two years from the date of injury to file her governmental claim. Wyo. Stat. Ann. § 1–39–113(a). She filed her verified claim with the City on December 26, 2006. She was required to initiate litigation against the City within one year from that date. Wyo. Stat. Ann. § 1–39–114. She filed her complaint on April 6, 2007. Ms. McCann had until December 15, 2007 to file a proper governmental claim. If the governmental claim that she filed met the statutory requirements, she had until December 26, 2007 to initiate litigation.

[¶ 19] In response to the complaint, the City did not file a Rule 12(b)(1) motion challenging subject matter jurisdiction or a Rule 12(b)(6) motion asserting that the complaint failed to state a claim upon which relief can be granted. Instead, the City filed an answer on May 14, 2007 generally denying the jurisdictional allegation. The City alleged the following affirmative defense:

> Defendant as a governmental entity reserves the right to assert immunity as a defense to the claims of Plaintiff, to otherwise assert limitation on damages contained in the Wyoming Governmental Claims Act, and/or to assert failure of Plaintiff to comply with the terms, requirements or conditions for asserting a claim against the Defendant City of Cody.

The City did not raise its jurisdictional challenge until March 4, 2008, and did so by motion for summary judgment. By that time, Ms. McCann was precluded by statute from filing a new governmental claim or initiating a new lawsuit by the filing of a new complaint containing the requisite jurisdictional allegations.[5] This appears to be the type of conduct condemned in Justice Kite's concurring opinion and is easily prevented by proper application of W.R.C.P. 15.

[¶ 20] Allowing amendment of the complaint to correct a defective jurisdictional averment would remove any incentive for a governmental entity to delay raising a jurisdictional defense based on the failure to properly present a claim. Any amendment that would cure jurisdictional pleading defects would relate back to the date when the complaint was filed: "An amendment of a pleading relates back to the date of the original pleading when ... [t]he claim or defense asserted in the amended pleading arose out

---

**5.** In *Gose*, the defendant filed its motion to dismiss the complaint as its initial response to the pleading. When the district court entered its order of dismissal, the one year limitation period had not yet expired. Had the district court entered an order of dismissal without prejudice, instead of a dismissal with prejudice, the Goses could have simply filed a new complaint containing the requisite allegations. In our decision reversing and remanding, we placed the Goses in the same position they would have been in had the action been dismissed without prejudice. ¶¶ 20–21, 193 P.3d at 1165.

The situation presented here is different. Because the City delayed filing its motion for summary judgment until after the limitation period had expired, Ms. McCann did not have the opportunity to file a new complaint when the district court dismissed her complaint.

of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." W.R.C.P. 15(c)(2). In *Bell v. Schell*, 2004 WY 153, 101 P.3d 465 (Wyo.2004), plaintiff's attempt to amend a governmental claim after the time for filing a valid claim had expired was rejected. The issue presented involved relation back of an amendment to a governmental claim. Language from the case suggests that, in the governmental claims context, W.R.C.P. 15(c) is applicable to amendment of pleadings: "[W]e have not been provided with cogent argument or citation to controlling authority to convince us that W.R.C.P. 15(c)'s relation back provision applies to anything but court pleadings." *Id.*, ¶ 30, 101 P.3d at 475. At issue here is amendment of Ms. McCann's complaint, not her governmental claim. *Accord*, Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1497, at 80 (1990) ("Amendments curing a defective statement of subject matter jurisdiction, venue, or personal jurisdiction will relate back since they do not violate the standard prescribed by" Rule 15(a). (footnotes omitted) ). Ms. McCann should be permitted to file an amended complaint.

[¶ 21] Finally, if our judicially created rules regarding subject matter jurisdiction in this context mandate dismissal and prevent amendment of the complaint, those rules should be abolished. The pleading requirements are not required by the Wyoming Governmental Claims Act or the Wyoming Constitution. They are judicially created. *Beaulieu II*, ¶ 15, 86 P.3d at 868–69.

[¶ 22] Creation of rules relating to subject matter jurisdiction is a questionable judicial function: "Subject matter jurisdiction is determined in constitutional conventions and in legislative halls, not in courtrooms." *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, ¶ 21, 109 P.3d 893, 900 (Wyo. 2005). Additionally, it is difficult to ascertain the purpose to be served by the judicially created rules. If the purpose is early determination of whether the jurisdictional prerequisites have been met, the rules are not well designed to achieve that purpose. As this case indicates, a dilatory defendant benefits from failing to raise the jurisdictional

challenge early in the proceedings. By contrast, the consequences of a pleading defect fall solely and very harshly on a plaintiff. Plaintiffs lose their rights to have their statutorily authorized governmental claims determined on the merits simply because the complaint did not contain the "magic" jurisdiction allegation. The judicially created pleading requirements are at odds with the intended purpose of the Wyoming Governmental Claims Act and the governing principles of the Wyoming Rules of Civil Procedure.

[¶ 23] I would reverse and remand for trial on the merits.