2009 WY 147

**William C. MOTLEY, Appellant (Plaintiff),**

v.

**PLATTE COUNTY, Wyoming; Platte County Sheriff's Department; and Steve Keigley, Sheriff of Platte County, Wyoming, in his official capacity,[1] Appellees (Defendants).**

**No. S–08–0171.**

Supreme Court of Wyoming.

Dec. 3, 2009.

---

1. This appeal was received by this Court under an improper caption. The caption on the notice of appeal, in conformance with the caption on the final order of the district court, was *"William C. Motley, Plaintiff, v. Platte County, Wyoming, et al., Defendants."* This Court ultimately amended the caption sua sponte to the caption above. The captioning problems could easily have been avoided had the district court's final order, and later the notice of appeal, properly identified the parties to this action. We remind judges and counsel that usage of "et al." in the caption of a final order, as done in this case, violates Rule 58(b) of the Wyoming Rules of Civil Procedure, which mandates that the "names of all parties ... be set out in the caption of all final orders, judgments and decrees."

Representing Appellant: H. Michael Bennett of H. Michael Bennett, P.C., Cheyenne, Wyoming.

Representing Appellees: Bruce A. Salzburg, Wyoming Attorney General; Thomas W. Rumpke, Senior Assistant Attorney General; Richard Rideout, Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]  William C. Motley worked for the Platte County Sheriff's Department as a deputy sheriff.  In November 2006, Motley filed a complaint against Platte County, Wyoming, the Platte County Sheriff's Department, and Sheriff Steve Keigley "in his official capacity" (hereinafter "the County") alleging he was suspended and later terminated from his job without cause and without notice and opportunity for a hearing in violation of Wyo. Stat. Ann. § 18-3-611 (LexisNexis 2009).[2]  The district court determined that the provisions of § 18-3-611 did not apply to Motley and granted summary judgment in favor of the County.  Motley seeks review of the district court's decision.

[¶ 2]  Our resolution of this appeal is controlled by our decision in *Beaulieu v. Florquist,* 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II* ).  In *Beaulieu II,* we held that the failure of the complaint in a governmental claim's action to allege compliance with both the statutory filing requirements of Wyo. Stat. Ann. § 1-39-113 and the constitutional signature and certification requirements of Wyo. Const. Art. 16, § 7 precludes the district court from acquiring subject matter jurisdiction over the claim.  *Id.,* ¶¶ 10-15, 86 P.3d at 866-69.  We have regularly upheld the strictness of that rule over the intervening years.  *See McCann v. City of Cody,* 2009 WY 86, ¶¶ 7-8, 210 P.3d 1078, 1081-82 (Wyo.2009) (and cases cited therein).  *Stare decisis* dictates adherence to the *Beaulieu II* rule in this case.

[¶ 3]  In his complaint, Motley asserts only that:

> Plaintiff has filed a claim with Platte County, Wyoming, pursuant to W.S. § 1-39-113(b) on 13 November 2006.  No action has been taken as of the date of filing this action.

Although this provision indicates compliance with statutory requirements, the complaint does not mention the state constitution, let alone contain an averment that Motley com-

---

**2.** § 18-3-611 provides in pertinent part:
(a) This section applies to sworn nonprobationary, full-time deputies of a sheriff's department which employs at least twenty (20) sworn, full-time deputies. . . .
(b) A deputy sheriff shall not be discharged from employment, reduced in rank or suspended without pay except for cause and after notice and opportunity for a hearing.  The hearing and any appeal shall be conducted in accordance with the Wyoming Administrative Procedure Act.  The hearing shall be closed unless both the sheriff and the deputy involved agree otherwise.
(c) A deputy sheriff accused of a matter for which the sheriff may discharge him may be suspended with pay for a reasonable length of time necessary to investigate and take final action on the matter, provided the deputy shall not be discharged in any final action without the opportunity for a hearing.

plied with the signature and certification requirements of Art. 16, § 7. Because Motley's complaint fails to allege the requisite constitutional compliance, under *Beaulieu II* the district court never acquired subject matter jurisdiction over the action. *McCann,* ¶ 8, 210 P.3d at 1082; *Gose v. City of Douglas,* 2008 WY 126, ¶¶ 17–18, 193 P.3d 1159, 1163–64 (Wyo.2008). It follows that this Court, having no better jurisdiction than the district court, is without jurisdiction to consider Motley's appeal.[3] *McCann,* ¶ 8, 210 P.3d at 1082; *Wooster v. Carbon County School Dist. No. 1,* 2005 WY 47, ¶ 22, 109 P.3d 893, 900 (Wyo.2005). We therefore dismiss the appeal.

VOIGT, Chief Justice, specially concurring.

[¶ 4] I concur in the majority opinion, writing separately in response to the dissenting opinion, only to say that W.R.C.P. 8(a)(1) requires a civil complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." A Wyoming district court's jurisdiction over a governmental claim depends upon the plaintiff's compliance with Art. 16, § 7 of the Wyoming Constitution, and the plaintiff's compliance with the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 *et seq.* (LexisNexis 2009). *McCann v. City of Cody,* 2009 WY 86, 210 P.3d 1078 (Wyo.2009), the cases cited therein, and the majority opinion in the instant case, merely require the pleader to state the few facts that reveal compliance with the constitutional provision and the statute.

BURKE, Justice, dissenting, with whom KITE, Justice, joins.

[¶ 5] I respectfully dissent for the same three reasons identified in the dissent in *McCann,* ¶ 9, 210 P.3d at 1082. First, the allegations of the complaint, when reviewed as required by the Wyoming Rules of Civil Procedure, and our jurisprudence interpreting those rules, sufficiently allege the jurisdictional prerequisites. Second, if the complaint is inadequate, Mr. Motley should be provided the opportunity to amend the complaint. Third, if the judicially created pleading requirements lead to the conclusion that this complaint is legally insufficient and plaintiff is not permitted to amend it, those requirements should be eliminated. Because the majority's decision in this case rests upon the doctrine of *stare decisis,* I also dissent because that doctrine, properly applied, does not support the result reached in this case.

[¶ 6] This Court has always shown due deference to the doctrine of *stare decisis,* but, it has also always recognized that *stare decisis* should not be applied blindly and rigidly. "[W]hen governing decisions are unworkable or are badly reasoned, this Court has never felt constrained to follow precedent. *Stare decisis* is not an inexorable command; rather, it is a principle of policy and not a mechanical formula of adherence to the latest decision." *Cook v. State,* 841 P.2d 1345, 1354 (Wyo.1992) (Golden, J., concurring) (internal citations and some punctuation omitted).

[¶ 7] It is perhaps ironic that *stare decisis,* a doctrine intended to promote "the orderly development of the law," provides the legal foundation for the majority's decision. Our precedent relating to pleading requirements in the governmental claims context was once described as a legal "mine field." *Amrein v. Wyoming Livestock Bd.,* 851 P.2d 769, 773 (Wyo.1993) (Urbigkit, J., dissenting). The description is apt.

[¶ 8] *Stare decisis* is intended to promote the "evenhanded, predictable, and consistent development of legal principles." *Cook,* 841 P.2d at 1354. Instead of consistency and predictability, this Court has presented governmental claimants with a moving target of pleading requirements that must be satisfied to avoid dismissal on jurisdictional grounds. We have properly recognized that "subject matter jurisdiction can be neither created nor destroyed by judicial fiat" and that "[s]ubject matter jurisdiction is determined in constitutional conventions and in legislative halls, not in courtrooms." *Wooster v.*

---

**3.** We are mindful that the parties did not raise the issue of jurisdiction. However, this Court has a duty to consider jurisdictional questions whether or not they are raised by the parties.

*Plymale v. Donnelly,* 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006); *Robbins v. South Cheyenne Water & Sewage Dist.,* 792 P.2d 1380, 1384 (Wyo.1990).

*Carbon County School Dist. No. 1,* 2005 WY 47, ¶¶ 20, 21, 109 P.3d 893, 899, 900 (Wyo. 2005). In the governmental claims pleading context, however, we have ignored those precepts and judicially created rules restricting subject matter jurisdiction.

[¶ 9] The Wyoming Governmental Claims Act was enacted in 1979. It does not contain any jurisdictional pleading requirements. As it relates to subject matter jurisdiction, the act merely states: "Original and exclusive jurisdiction for any claim under this act shall be in the district courts of Wyoming." Wyo. Stat. Ann. § 1–39–117(a) (LexisNexis 2009). In 1983, this Court imposed its first subject matter jurisdiction pleading requirement. *Board of Trustees v. Bell,* 662 P.2d 410 (Wyo. 1983). In that case, Rosemarie Bell obtained a default judgment against the University of Wyoming Board of Trustees in the amount of $1,886.30 based upon a claim of wrongful discharge from her employment with the board. This Court overturned the judgment holding that the district court was without subject matter jurisdiction because the complaint did not contain an allegation that Ms. Bell had filed the necessary governmental claim. *Id.* at 415. The Court provided no authority for the proposition that a judicially created pleading rule could deprive the district court of jurisdiction granted by statute.

[¶ 10] Ten years later, in *Amrein,* this Court tacked on a new "jurisdictional" pleading requirement. In *Amrein,* the plaintiff's complaint alleged the filing of the requisite governmental claim. This Court, however, found the complaint "jurisdictionally" deficient because it failed to allege the **date** of the filing of the requisite claim:

> In this instance, Amrein alleged the filing of the claim, but we expand upon the rule articulated in *Bell* and now hold that, in order to invoke the jurisdiction of the district court, such an allegation must encompass a statement of the date the claim was filed to demonstrate the filing of the claim within two years of the date of the "alleged act, error or omission" or, alternatively, the statutory ground for the late discovery of the "alleged act, error or omission." Since Amrein failed to make this allegation, the complaint was subject to dismissal

for failure to allege the jurisdiction of the court with specificity.

*Id.,* 851 P.2d at 771.

[¶ 11] In 2004, in *Beaulieu II,* this Court added two more "jurisdictional" pleading hurdles:

> Heretofore, we have limited the application of that rule, when determining the presence or absence of subject matter jurisdiction, to the statutory requirements; that is, we have required only that the complaint allege the filing of the claim and the date of such filing. We now hold, however, that the complaint must also allege compliance with the signature and certification requirements of the state constitution.

*Id.,* ¶ 14, 86 P.3d at 868.

The addition of the jurisdictional pleading requirements relating to compliance with the state constitution was directly at odds with our prior precedent. In 1990, in *Martinez v. City of Cheyenne,* 791 P.2d 949, 958 (Wyo. 1990), this Court specifically held that the constitutional signature and certification requirements are not jurisdictional:

> The State . . . contends that an omission of the correct certification results in a failure of subject matter jurisdiction, and the issue can be raised at any time in the proceeding. We do not agree with this contention. The failure to verify or certify as the constitution now reads is nothing more than a defect or an irregularity that is not jurisdictional.

In *Beaulieu II,* the Court cleared that precedential barrier by overturning *Martinez.* "We now believe that *Martinez* was wrongly decided and that it must be overruled." *Beaulieu,* ¶ 13, 86 P.3d at 868.

[¶ 12] The *Beaulieu II* decision had immediate and dire consequences for a claimant in at least one lawsuit that was pending at the time that *Beaulieu II* was decided. *See Wooster,* 109 P.3d 893. In *Wooster,* litigation had been commenced in 2002. The State did not initially assert any defense to the validity of the governmental claim filed by Mr. Wooster. One day after *Beaulieu II* was decided, and only 45 days before trial, the defendant governmental entity filed a motion seeking dismissal on jurisdictional grounds

because the claim had not complied with the constitutional signature and certification requirements. When the *Wooster* litigation was initiated, our precedent as set forth in *Martinez*, clearly and unequivocally held that failure to raise such a defense resulted in waiver of that defense. Had the defense been timely asserted, Mr. Wooster would have had ample time to file a compliant claim. Because the defense was raised so late, the two-year time period for filing the claim had expired. The district court reluctantly granted the motion. This Court, in a 3–2 decision, affirmed the dismissal. *See Wooster*, 109 P.3d 893.

[¶ 13] Two additional observations regarding *Beaulieu II* are warranted. First, *Beaulieu II* was a "claims" case, not a "pleading" case. Mr. Beaulieu's complaint was dismissed because his "claim" was deficient. Second, in announcing the new pleading requirements, this Court gave no indication that the Wyoming Rules of Civil Procedure do not apply in determining whether a plaintiff has satisfied those requirements. It wasn't until 2008 in *Gose* that this Court first applied those pleading requirements in a manner that conflicted with the Wyoming Rules of Civil Procedure.

[¶ 14] In *Gose*, the specific question presented was "whether the Goses' complaint adequately alleged compliance with requirements of Wyo. Const. art. 16, § 7." *Id.*, ¶ 17, 193 P.3d at 1163. In their complaint, the Goses alleged:

[d]emand pursuant to Wyoming Statute Section 1–39–113 was delivered lawfully to the City of Douglas, Wyoming by the original letter attached as Exhibit "4" which is dated March 8, 2007, it having been delivered to the City of Douglas, Wyoming.

*Id.*, ¶ 18, 193 P.3d at 1164.

[¶ 15] This Court found that notice of claim met the constitutional requirements: "[T]here is little question that the Goses' notice of claim met the constitutional signature requirements. The claim was signed and witnessed before a notary public, under penalty of perjury." *Id.*, ¶ 16, 193 P.3d at 1163. We determined, however, that the

complaint failed to satisfy the *Beaulieu II* pleading requirements. It is at this point in our jurisprudence, that the conflict between the *Beaulieu II* pleading requirements and the requirements of the Wyoming Rules of Civil Procedure should have surfaced. It did not. Application of those rules to *Beaulieu II* was never discussed. The lack of discussion is perhaps best explained by the result reached in that case. The Goses were not deprived of their day in court. Instead, we remanded to the district court with instructions that the district court enter an order of dismissal without prejudice and that the "dismissal order should establish for the Goses a reasonable time within which to file a new complaint." *Gose*, ¶ 21, 193 P.3d at 1165.[4]

[¶ 16] Earlier this year, this Court entered its decision in *McCann*. It was undisputed that Ms. McCann had filed a claim that satisfied the statutory and constitutional requirements. In her complaint, Ms. McCann alleged:

That the administrative prerequisites for the filing of this claim have been met inasmuch as the plaintiff's Verified Notice of Claim was served upon the City of Cody, Wyoming at the office of it's [sic] business manager on December 26, 2006 to which there has been no response.

In a 3–2 decision, this Court affirmed the dismissal of Ms. McCann's governmental claim litigation solely on the basis that Ms. McCann had failed to satisfy the *Beaulieu II* pleading requirements. Unlike the Goses, however, Ms. McCann was not provided "a reasonable time within which to file a new complaint." The dissent noted the conflict between strict application of the *Beaulieu II* pleading requirements and the Wyoming Rules of Civil Procedure. The majority opinion did not address or resolve that conflict.

[¶ 17] *McCann* is the first case in which a litigant lost the right to have a case determined on the merits solely on the basis that the complaint failed to meet the judicially created pleading requirements announced in *Beaulieu II*. Left unanswered in *McCann* and *Beaulieu II* are questions relating to the

---

**4.** At the time the *Gose* decision was entered, the time for the Goses to file a complaint that satis-fied the *Beaulieu II* pleading mandates had expired.

applicability of the Wyoming Rules of Civil Procedure to governmental claims litigation. There is no reason why the Wyoming Rules of Civil Procedure should not apply to governmental claims litigation.[5]

[¶ 18]   This is a civil action.   The Wyoming Rules of Civil Procedure "govern procedure in all courts of record in the State of Wyoming, in all actions, suits or proceedings of a civil nature."   W.R.C.P. 1.   The Wyoming Rules of Civil Procedure specifically state that "No technical forms of pleading . . . are required."   W.R.C.P. 8(e)(1).   We have previously elaborated on that rule: "Rule 8(e)(1) makes it clear that technical forms of pleading no longer have a place in our practice."   *Guggenmos v. Tom Searl–Frank McCue, Inc.,* 481 P.2d 48, 51 (Wyo. 1971).   It is impossible to view the pleading requirements announced in *Beaulieu II,* and enforced in *McCann,* as anything other than "technical pleading requirements."   Our decisions in *Gose* and *McCann* directly conflict with the clear and unambiguous language of Rule 8(e)(1) and our precedent interpreting it.[6]

[¶ 19]   In this case, the validity of Mr. Motley's governmental claim has never been at issue.   Initially, defendants challenged the district court's subject matter jurisdiction by asserting that the complaint failed to allege the date on which the claim had been filed. Mr. Motley responded by seeking leave to file an amended complaint.   The district court granted the motion and an amended complaint was filed.   The defendants answered and discovery ensued.   Eventually, defendants sought summary judgment and the district court granted the motion.   This appeal followed.   The question of subject matter jurisdiction was not raised by appellees.   Now, more than two years after the amended complaint was filed, this Court, *sua sponte,* finds the complaint fatally defective. Our system of justice is simply not meant to work this way.

[¶ 20]   As we recognized more than a century ago:

> [I]f [a former decision of the court] appears to be radically unsound, and subserves no useful purpose, but on the contrary establishes a hardship which is not within the manifest contemplation of the law, and, moreover, if no injurious results will be likely to follow a reversal, no principle of *stare decisis* interferes with a reconsideration of the principle involved, and a reversal of the doctrine formerly announced.

*Kelley v. Rhoads,* 7 Wyo. 237, 271, 51 P. 593, 602 (1898).   If we utilize this approach in applying *stare decisis,* it is readily apparent that the judicially created pleading rules relating to governmental claims should either be eliminated or applied in accordance with the Wyoming Rules of Civil Procedure.   As they are being applied, they conflict with the Wyoming Rules of Civil Procedure, are at odds with the intended purpose of the Wyoming Governmental Claims Act, and constitute an over-reaching by the judicial branch. They do not have an "evenhanded" impact. Application of the rules imposes a hardship that falls solely and very harshly on claimants.   Governmental defendants, on the other hand, receive a windfall and are able to avoid liability "on a technicality."   Abrogation of the judicially created pleading rules will cause no hardship to anyone.   This appeal should be determined on the merits.

---

5.   The language of the WGCA specifically mandates application of the Wyoming Rules of Civil Procedure to governmental claims litigation. The act provides that "[c]laims under this act which are not covered by insurance may be settled as provided by W.S. 1–41–106 or 1–42–204."   Wyo. Stat. Ann. § 1–39–115(d).   Those statutes relate to the State Self–Insurance Program (Wyo.Stat.Ann. §§ 1–41–101—1–41–111) and the Local Government Insurance Program (Wyo.Stat.Ann. §§ 1–42–201—1–42–206).   Both provide that "Any person or party adversely affected in compromising or settling a claim shall pursue his remedy in district court pursuant to the Wyoming Rules of Civil Procedure."   *See* Wyo. Stat. Ann. §§ 1–41–106(c) and 1–42–204(b).

6.   *See McCann* for further discussion of the conflict between the judicially created pleading requirements and W.R.C.P. 9 and 15.   *McCann,* ¶¶ 11–20, 210 P.3d at 1082–86 (Burke, J., dissenting).