**Michael Peter MOWER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 87–215.**

Supreme Court of Wyoming.

Feb. 23, 1988.

Rehearing Denied March 18, 1988.

Julie D. Naylor, Appellate Counsel, Public Defender Program, Cheyenne, for appellant (defendant).

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Michele J. Neves, Legal Intern, for appellee (plaintiff).

---

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order revoking probation and reimposing the original sentence given appellant Michael Peter Mower upon his conviction of delivery of a controlled substance.

We affirm.

On March 25, 1980, appellant pleaded guilty to the delivery of marijuana in violation of § 35–7–1031(a)(ii), W.S.1977, and was sentenced to a term of three to ten years in prison. This sentence was suspended, and appellant was placed on probation for a period of four years. The probation carried with it certain conditions:

1. Appellant was to serve a 60–day jail sentence in the county jail during times when he was not working;

2. Appellant was to pay a $3,000 fine by making payments of $150 per month;

3. Appellant was to not associate with individuals involved in criminal activities; and

4. Appellant was to obey the laws of the state of Wyoming and the rules and regulations of the department of probation and parole.

On August 27, 1981, a petition for revocation of appellant's probation was filed, alleging that, since the date of the judgment and sentence, appellant had spent only three days in the county jail; that appellant had pleaded guilty to three separate offenses of driving while his driver's license was suspended; that appellant had been charged with and/or convicted of various other offenses during the period of his probation; and that at least twice appellant had been in possession of a firearm in violation of the United States Code. Appellant was served with a summons to appear at a probation revocation hearing scheduled to be held on September 22, 1981. However, appellant did not appear, and a bench warrant was issued.

Ultimately, appellant was arrested and appeared on August 11, 1987, for his probation revocation hearing, at which time his probation was revoked and his original sentence of three to ten years in the state penitentiary was reimposed. This result was not the recommendation of the prosecuting attorney who suggested fulfillment of the original probation conditions or, alternatively, a lesser sentence.

On appeal, appellant does not contend that the court abused its discretion in revoking his probation. He admits that he violated the terms of his probation. Rather, appellant alleges that the district court abused its discretion in reimposing the original sentence instead of a lesser one as recommended by the prosecution since only $600 remained to be paid on the fine assessed against him and since he had not had any "run-ins" with the law in almost six years.

According to Rule 36, W.R.Cr.P., a court "*may * * ** reduce a sentence upon revocation of a probation as provided by law." (Emphasis added.) A sentencing court has broad discretion in determining whether to reduce a criminal defendant's sentence. *Peterson v. State*, Wyo., 706 P.2d 276 (1985); *Montez v. State*, Wyo., 592 P.2d 1153 (1979). Also,

"The imposition as well as the revocation of probation lies within the sound discretion of the district court, and we will not reverse the actions of the district court unless that discretion is abused." *Gronski v. State*, Wyo., 700 P.2d 777, 778 (1985).

See also *Schmidt v. State*, Wyo., 738 P.2d 1105, 1106 (1987). Therefore, the decision of a court to revoke probation and deny a sentence reduction motion in reimposing an original sentence is entitled to considerable deference by an appellate court. *Id.; Peterson v. State*, supra. We will not reverse the actions of the district court in sentence reduction, probation revocation, and sentence imposition cases unless there is a clear abuse of discretion.

We stated in *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980), that:

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there

has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances."

See also *Schmidt v. State*, 738 P.2d at 1107.

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

\* \* \* \* \* \*

" \* \* \* Each case must be determined on its [own] peculiar facts." *Martin v. State*, Wyo., 720 P.2d 894, 897 (1986) (citation omitted).

In this case, it is clear from the record that the court considered the recommendation made by the prosecution at the revocation hearing and the circumstances referred to by the parties when it made its decision to not reduce appellant's sentence. The court simply did not accept the prosecution's recommendation. To require the court to accept the recommendation of the prosecution as a matter of law would transfer the sentencing duty from the court to the prosecution. *Wright v. State*, Wyo., 670 P.2d 1090 (1983), reh. denied 707 P.2d 153 (1985). It is the court's duty to impose the sentence, not the prosecution's.

 Given these circumstances, we hold that the court did not abuse its discretion in failing to accept the prosecution's recommendation for a lesser sentence when it revoked appellant's probation and reimposed upon appellant the original sentence which was within the statutorily prescribed limits.

Affirmed.