James C. McFARLANE,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 89–215.

Supreme Court of Wyoming.

Nov. 2, 1989.

James Charles McFarlane, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

Appellant, James Charles McFarlane, seeks review of an order of the district court denying a pro se motion for credit for time served on probation.

We affirm.

McFarlane pleaded guilty to three counts of delivery of a controlled substance pursuant to W.S. 35–7–1031(a)(ii) and 35–7–1016(d)(ii) on September 6, 1985, and was sentenced to probation on February 19, 1986. He violated the terms of his probation on three occasions, and although the district court exercised leniency for the first two violations, it imposed the formerly suspended penitentiary sentence for the third violation since it involved a drug sale.

Acting pro se, McFarlane filed some ten motions from June 15, 1989, to July 24, 1989, seeking a reduction in his sentence, a clarification of credit to his sentence for time served in the county jail and credit for time on probation. The district court explained to McFarlane in correspondence how his jail time was to be credited to his prison sentence, but the court otherwise denied his motions.

Although no briefs have been filed, it is apparent that the only issue McFarlane could raise here is the district court's denial of his motion which was made pursuant to W.R.Cr.P. 36. We have previously disposed of such cases summarily and without briefing. *Peper v. State*, 776 P.2d 761 (Wyo.1989); *Mower v. State*, 770 P.2d 233 (Wyo.1989).

 Under W.R.Cr.P. 36, a district court may reduce a sentence within one year after a sentence is imposed or probation is revoked. The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. *Mower v. State*, 750 P.2d 679 (Wyo.1988). Further, no requirement exists, either constitutionally or statutorily, that a court must take into account time served on probation following a probation revocation. *United States v. Shead*, 568 F.2d 678, 682–83 (10th Cir.1978); and *Thomas v. United States*, 327 F.2d 795, 796–97 (10th Cir.1964), *cert. denied*, 377 U.S. 1000, 84 S.Ct.1936, 12 L.Ed.2d 1051. *See also Loper v. Shillinger*, 772 P.2d 552, 553 (Wyo.1989). Here, there is no showing that the court's denial of McFarlane's motion was not a sound exercise of discretion.

Affirmed.