2009 WY 136

**Esteban LeGARDA–CORNELIO aka Othoniel LeGarda Cornelio, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0083.

Supreme Court of Wyoming.

Nov. 6, 2009.

Representing Appellant: Esteban Cornelio LeGarda, Pro se.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Prosecution Assistance Program, Student Director and Intern.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Esteban LeGarda–Cornelio (the appellant) was convicted and sentenced in state court and then in federal court for unrelated offenses. He subsequently filed a W.R.Cr.P. 35(b) motion with the state district court asking it to order that his state sentences

run concurrently with his federal sentences, which motion the district court denied. The appellant appeals that denial.

## ISSUE

[¶ 2]   Did the district court abuse its discretion in denying the appellant's W.R.Cr.P. 35(b) motion?

## FACTS

[¶ 3]   On December 7, 2007, the appellant entered into a plea agreement in which he pleaded guilty to escape and joyriding. The plea agreement set forth sentences of not less than two nor more than three years for escape and a one-year sentence for joyriding. These sentences were to run concurrently with one another. On February 13, 2008, at the appellant's sentencing hearing, although not part of the formal plea agreement, the appellant requested that the district court order that his state sentences run concurrently with impending federal sentences that he believed he was likely to receive. The district court accepted the plea agreement and in response to appellant's separate request for concurrent sentences, the district court noted that it had "no objection with them being concurrent with any federal sentence imposed."

[¶ 4]   On November 26, 2008, the appellant was sentenced in federal court for numerous offenses. The federal court ordered the federal sentences to run concurrently with one another as well as concurrently with a federal life sentence it also imposed on the appellant. The federal court made no mention of the appellant's previous state sentences; however, federal officials are now treating the federal and state sentences as running consecutive to one another.[1]

1.  As evidence that the federal officials are treating the sentences as consecutive and not concurrent, the appellant submitted a Detainer which was sent from the United States Marshal to the Wyoming State Penitentiary which states, "Life imprisonment consecutive to State of Wyoming."

2.  The record reflects that the appellant actually filed two separate motions with the district court pursuant to W.R.Cr.P. 35(b), one *pro se* and the other filed by his attorney. Although both mo-

[¶ 5]   Following his federal sentencing, the appellant filed a W.R.Cr.P. 35(b) motion in state district court.[2]  In the W.R.Cr.P. 35(b) motion, the appellant requested that his state sentences be ordered to run concurrently with his federal sentences as previously requested at his sentencing hearing. The appellant also included certificates of completion for various programs, demonstrating his good behavior and personal development while incarcerated. The district court denied the appellant's motion, without a hearing, noting that nothing in the record or the appellant's history justified a sentence modification. This appeal followed.

## STANDARD OF REVIEW

[¶ 6]   We have stated that the language of W.R.Cr.P. 35(b) is discretionary. *Hodgins v. State*, 1 P.3d 1259, 1261 (Wyo. 2000). "The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion." *McFarlane v. State*, 781 P.2d 931, 932 (Wyo.1989) (citing *Mower v. State*, 750 P.2d 679, 680 (Wyo.1988)). " 'Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.' " *Hodgins*, 1 P.3d at 1261 (quoting *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)).

## DISCUSSION

[¶ 7]   The appellant makes two arguments to support his claim that the district court improperly denied his W.R.Cr.P. 35(b) motion. First, he argues that the district court abused its discretion in denying his motion

tions were included in the record on appeal, it appears that the appellant only appealed from the denial of the *pro se* motion. Both motions essentially request the same relief, that the appellant's state sentences be modified or amended to require the state sentences to run concurrently with the appellant's federal sentences. Accordingly, our references to a motion for sentence reduction or a W.R.Cr.P. 35(b) motion will refer to the appellant's *pro se* motion.

because at his sentencing hearing the district court stated that it did not have a problem with his state sentences running concurrently with his impending federal sentences. Second, the appellant argues that the district court abused its discretion in denying his W.R.Cr.P. 35(b) motion because the good behavior he exhibited while he had been incarcerated justified a sentence reduction.

[¶ 8]   Although it appears that the district court was amenable to the appellant's request that his state sentences run concurrently with his impending federal sentences, the district court never explicitly ordered that, nor could it. We have stated that

> [i]f a defendant is subject to prosecution in more than one court, the decision regarding how the sentences will run with respect to one another should be made by the last judge to impose a sentence. The underlying rationale for this theory is that a judge cannot require a sentence to be served consecutively to a sentence that has not yet been imposed.

*Segnitz v. State,* 7 P.3d 49, 52 (Wyo.2000). Moreover, a state district court cannot bind a federal court with such sentencing restrictions. *Bloomgren v. Belaski,* 948 F.2d 688, 691 (10th Cir.1991) (holding that a "determination by federal authorities that [the appellant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction"); *see also Goode v. McCune,* 543 F.2d 751, 753 (10th Cir.1976) (stating that the appellant "owed a debt to two separate sovereigns, each of which had a right to exact its debt independently of the other"). A state district court that intends for a state sentence to run concurrently with an impending federal sentence can only make a recommendation to that effect, but cannot mandate it. *Del Guzzi v. United States,* 980 F.2d 1269, 1272 (9th Cir.1992) (Norris, J., concurring) (noting that "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials"). We find that the district court did not abuse its discretion in refusing to order the sentences to run concurrently.

[¶ 9]   With regard to the appellant's claim that his good behavior justified a sentence reduction, it is clear from the record that the district court considered not only the appellant's W.R.Cr.P. 35(b) motion, which included the certificates and documentation of the self-improvement courses, but it also considered additional material, such as the appellant's Presentence Investigation Report. After considering everything as a whole, the district court denied the appellant's motion. While it is commendable that the appellant has chosen to turn his life around and take a proactive role in completing self-improvement courses while he has been incarcerated, those facts alone do not require the district court to grant the appellant's W.R.Cr.P. 35(b) motion. *Hodgins,* 1 P.3d at 1261–62 (citing *Carrillo v. State,* 895 P.2d 463, 464 (Wyo.1995)). Nor do those facts alone provide grounds for us to find that the district court abused its discretion in denying the appellant's motion. *Carrillo,* 895 P.2d at 464 (noting that this Court "would be usurping the function of the trial court if we were to hold that it is an abuse of discretion to deny a motion for sentence reduction only because of a prisoner's commendable conduct while incarcerated"). After reviewing the entire record and giving the required deference to the district court's determination, we cannot say that it abused its discretion.

## CONCLUSION

[¶ 10]   The state district court did not have authority to determine whether the appellant's state sentences were to run concurrently with or consecutive to the appellant's impending federal sentences. The district court was not the last court to impose a sentence on the appellant. Moreover, the district court properly denied the appellant's W.R.Cr.P. 35(b) motion because it was still without authority to issue an order that it could not have entered in the first instance. Also, the district court was not required to grant the appellant's W.R.Cr.P. 35(b) motion simply because the appellant demonstrated commendable behavior and achievement while he had been incarcerated. Thus, we cannot say that the district court abused its discretion in denying the appellant's

W.R.Cr.P. 35(b) motion.   Accordingly, we affirm.