2011 WY 48

**Kenneth GESS, Appellant (Plaintiff),**

v.

**Gerrod L. FLORES, an individual, Meifrondee Waters, an individual, and the City of Cheyenne, Wyoming, Appellees (Defendants).**

**No. S–10–0040.**

Supreme Court of Wyoming.

March 18, 2011.

[black bar]

---

Representing Appellant: T. Thomas Metier and Patrick J. DiBenedetto of Metier Law Firm, LLC, Fort Collins, Colorado.

Representing Appellee: Kate M. Fox and Amanda Ferguson of Davis & Cannon, LLP, Cheyenne, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] In this negligence case brought against the City of Cheyenne and two of its employees pursuant to the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through 121 (LexisNexis 2009), we accepted the following two certified questions from the district court:

1. Whether, in a cause of action arising under the Wyoming Governmental Claims Act (WGCA), Wyoming Statute §§ 1–39–101 *et seq.* and the Wyoming Constitution Article 16, § 7, the district courts have the discretion to permit plaintiffs to amend their complaints, after the expiration of the statute of limitations, pursuant to Wyoming Rule of Civil Procedure (W.R.C.P.) 15(a), to cure jurisdictional pleading deficiencies and to permit said amendment to relate back to the date the original complaint was filed pursuant to W.R.C.P 15(c)(2).

2. Whether Wyoming's "savings statute," Wyoming Statute § 1–3–118, permits plaintiffs whose complaints filed under the Wyoming Governmental Claims Act (WGCA), Wyoming Statute §§ 1–39–101 *et seq.* are dismissed by the district court for failing to adequately plead compliance with the WGCA, after the expiration of the statute of limitations, to re-file the action within one year of dismissal.

[¶ 2] The facts relevant to these questions are:

1. On June 18, 2007, Plaintiff was involved in a motor vehicle accident which he alleges was due to the fault of City of Cheyenne employees acting within the scope of their duties as governmental employees.

2. On October 2, 2008, Plaintiff filed a governmental claim with the City of Cheyenne. Defendants concede the claim was timely and sufficient under the Wyoming Governmental Claims Act.

3. On August 5, 2009, Plaintiff filed a complaint in the First Judicial District. The Complaint did not allege the date of the filing of the claim as required under the WGCA, and did not allege compliance with the constitutional signature and certification requirements of the WGCA, as required by *Beaulieu v. Florquist (Beaulieu II),* 2004 WY 31, 86 P.3d 863 (Wyo. 2004); *McCann v. City of Cody,* 2009 WY 86, 210 P.3d 1078 [ (Wyo.2009) ], and *Mot-*

 

ley v. Platte County, 2009 WY 147[, 220 P.3d 518 (Wyo.2009) ].

4. On November 13, 2009, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Wyoming Rule of Civil Procedure (12)(b)(1).

5. The one-year period to file a complaint under the WGCA expired October 2, 2009.

6. In response, on November 20, 2009, Plaintiff filed a Motion to Amend the Complaint Pursuant to Wyoming Rule of Civil Procedure 15(a).

7. The Court would allow Plaintiff to amend his Complaint if it had the jurisdiction to do so.

8. If the Complaint is dismissed, it would be dismissed without prejudice. *Gose v. City of Douglas*, 2008 WY 126, ¶ 21, 193 P.3d 11[5]9 [ (Wyo.2008) ].

[¶ 3] Our recent decisions in *Brown v. City of Casper, et al.*, 2011 WY 35, 248 P.3d 1136 (Wyo.2011), and *Madsen v. Board of Trustees of Memorial Hospital of Sweetwater County, Wyoming*, 2011 WY 36, 248 P.3d 1151 (Wyo.2011), are controlling authority to answer the first certified question in the affirmative and, consequently, we need not answer the second certified question in this case. We remand this case to the district court for further proceedings consistent with this opinion.

VOIGT, Justice, dissenting.

[¶ 4] I respectfully dissent because I believe this Court's decision in *Brown v. City of Casper*, 2011 WY 35, 248 P.3d 1136 (Wyo. 2011) is wrong and should not, therefore, form the basis for an opinion in this case. *See Brown*, ¶¶ 57–59, at 1150 (Voigt, J., dissenting). Furthermore, I believe that Wyo. Stat. Ann. § 1–39–114 (LexisNexis 2009) is a jurisdictional statute of limitations that is part of the right created by the Wyoming Governmental Claims Act. *See Bell v. Schell*, 2004 WY 153, ¶¶ 27–29, 101 P.3d 465, 472–74 (Wyo.2004). Finally, the savings statute should not and does not apply to actions filed under the Wyoming Governmental Claims Act. *Hall v. Park County*, 2010 WY 124, ¶ 14,

238 P.3d 580, 585 (Wyo.2010). I would answer "no" to both certified questions.