2011 WY 51

**Steven D. BONNEY, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–10–0164.**

Supreme Court of Wyoming.

March 22, 2011.

**638**

Representing Appellant: Kathleen M. Karpan and Margaret M. White of Karpan and White P.C., Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; David L. Delicath, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶1]   Appellant Steven D. Bonney appeals from the order of the district court denying his motion for a sentence reduction. We will affirm.

## ISSUE

[¶2]   The issue for this Court's determination is whether the district court abused its

---

discretion when it denied Bonney's motion for a sentence reduction.

## FACTS

[¶3]   In March 2008, the State charged Bonney with four counts of second degree sexual assault (sexual intrusion) under Wyo. Stat. Ann. § 6–2–303(a)(v) (LexisNexis 2005) and one count of third degree sexual assault (sexual contact) under Wyo. Stat. Ann. § 6–2–304(a)(ii) (LexisNexis 2005)[1] for crimes alleged to have occurred in 2000 and 2001. Two of the second degree sexual assault counts involved victim TN and the other three counts involved victim VB. The victims were both around eight years old at the time the offenses were committed, and Bonney was sixteen or seventeen years of age.

[¶4]   Eventually, Bonney entered into a stipulated plea agreement wherein he agreed to plead guilty to two counts of second degree sexual assault in exchange for dismissal of the other counts. As part of that agreement, the State agreed to forego filing similar charges involving another minor victim, PM, and to recommend that Colorado authorities not pursue charges related to allegations that Bonney committed similar crimes with another minor victim in that state. The plea agreement also provided for Bonney to receive consecutive prison sentences of fifteen to twenty years,[2] with the second sentence to be suspended in favor of probation.[3]

[¶5]   Pursuant to that agreement, Bonney entered his guilty pleas on November 13, 2008. The State provided the factual basis for the pleas, which Bonney did not contest. That factual basis established that Bonney had committed acts of vaginal and anal intercourse with TN and acts of anal intercourse with VB. On February 26, 2009, the district court sentenced Bonney in accordance with the plea agreement to consecutive sentences

---

1.   These statutes were repealed in 2007. 2007 Wyo. Sess. Laws ch. 159, § 3. The prohibited conduct as charged in this case is now found in Wyo. Stat. Ann. § 6–2–314(a)(i) and § 6–2–315(a)(ii) (LexisNexis 2009), respectively.

2.   The potential sentence for each count was five years to life. § Wyo. Stat. Ann. § 6–2–306 (LexisNexis 2005).

3.   Bonney later signed an amended plea agreement that contained the same provisions as the original agreement, and additionally allowed PM and KS (another alleged minor victim of Bonney's uncharged criminal acts) to speak at his sentencing hearing.

of fifteen to twenty years, and suspended the second sentence in favor of fifteen years of supervised probation. Bonney did not appeal his convictions or the sentences imposed.

[¶ 6] Thereafter, on June 15, 2009, Bonney, through new counsel, petitioned the district court for post-conviction relief, alleging multiple instances of ineffective assistance of trial counsel. Following an evidentiary hearing, and after careful consideration of Bonney's claims and the evidence presented in support of those claims, the district court denied relief. Bonney did not timely seek review of that denial.

[¶ 7] Bonney subsequently moved the district court, pursuant to W.R.Cr.P. 35(b), for a reduction of his sentence. That motion, and the supporting memorandum filed therewith, relied extensively on the allegations and evidence underlying the post-conviction action and focused primarily on attacking his convictions, the victims, and trial counsel's representation. Bonney also supported his motion with letters of support from friends and relatives, letters from two former supervisors who indicated they would rehire him, and a progress report from the state penitentiary indicating he was a good worker and did not have any disciplinary infractions since arriving at the penitentiary. After a hearing, the district court took the matter under advisement. In an order entered on April 27, 2010, the district court denied the motion, finding in pertinent part:

3) ... Defendant previously filed a petition for post-conviction relief which the Court denied after an evidentiary hearing. The Court is therefore familiar with many of the factual allegations contained in Defendant's MOTION FOR REDUCTION OF SENTENCE. The Court incorporates its decisions in the post-conviction relief petition in this matter.

4) This Court has broad discretion in deciding whether to reduce a sentence or not. *McFarlane v. State*, 781 P.2d 931, 932 (Wyo.1989), relying on *Mower v. State*, 750 P.2d 679 (Wyo.1988)....

5) This case involved a stipulated plea under Wyoming Rule of Criminal Procedure 11(e)(1)(c), meaning that Defendant could have withdrawn his guilty plea if the Court did not sentence as called for in the plea agreement. No request to withdraw the plea was made before sentencing.

6) The Court imposed the original sentence called for in the stipulated plea agreement after giving due consideration to all pertinent sentencing factors, including but not limited to the gravity of the offense, Defendant's criminal record, all sentencing alternatives, and the legitimate objects of criminal sentencing. Despite its concern about a stipulated plea, after consideration of the above factors, the Court concluded that the sentence required by the plea agreement was fair and just to Defendant, the State, and the victims.

7) The manner in which the factual basis for Defendant's guilty plea[s] was taken was not in accordance with the Court's usual practice. A defendant is normally required to answer detailed questions put by the Court, the responses to which must establish each and every element of each and every count to which a guilty plea is offered beyond a reasonable doubt. This process serves the purpose of allowing the Court to assure itself that the State could prove its case, and gives the Defendant an opportunity to accept responsibility for his actions.

8) In this case, defense counsel requested that the District Attorney provide the factual basis. At the time, the Court believed this was intended to spare Defendant the embarrassment of admitting that he had molested [the minor victims] in front of his entire family. In the context of a stipulated plea, this was allowed. Defendant was given the opportunity to disagree with the District Attorney's description of what he could prove, and did not do so. The Court is thus in the position of having reluctantly deviated from its customary procedures at the request of the defense. The Court is satisfied that the factual basis provided was sufficient to fulfill the purpose of W.R.Cr.P. 11, which is to prevent those charged with a crime from being misled into a waiver of substantial rights. *Jones v. State*, 2009 WY 33, ¶ 23, 203 P.3d 1091, 1097 (Wyo.2009)

9) The Court can find no reason to depart from the sentence required by the stipulated plea agreement. When reviewing a request for a sentence reduction, it is important to consider the benefit of finality for victims of crimes to prevent "re-victimization." *Nixon v. State*, 2002 WY 118, ¶ 27, 51 P.3d 851, 858 (Wyo.2002). As the United States Supreme Court has said:

> It goes without saying that, at some point, judicial proceedings must draw to a close and the matter deemed conclusively resolved; no society can afford forever to question the correctness of every judgment.

*Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 491, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991)).

This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 8] This Court has repeatedly stated that a trial court enjoys broad discretion in determining whether to reduce a criminal defendant's sentence. *LeGarda–Cornelio v. State*, 2009 WY 136, ¶ 6, 218 P.3d 968, 969 (Wyo.2009); *Hodgins v. State*, 1 P.3d 1259, 1261 (Wyo.2000); *McFarlane v. State*, 781 P.2d 931, 932 (Wyo.1989). On review, we afford considerable deference to the trial court's determination, and we will not disturb that determination absent demonstration of a clear abuse of that discretion. *Hodgins*, 1 P.3d at 1261; *see also Mower v. State*, 750 P.2d 679, 680 (Wyo.1988); *Fortin v. State*, 622 P.2d 418, 420 (Wyo.1981). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998).

### Analysis

[¶ 9] Bonney argues the district court improperly denied his W.R.Cr.P. 35(b) motion for a sentence reduction. Bonney's argument is two-fold. He first argues the district court based its ruling on a mistaken belief that it was foreclosed by the stipulated plea agreement from reducing his sentence. He also argues the district court failed to consider the information he submitted in support of the motion before denying his request for a sentence reduction.[4] We find no merit in Bonney's arguments.

[¶ 10] The district court's order clearly indicates that it considered the contents of Bonney's motion, in conjunction with the court file. It is also abundantly clear the district court declined to reduce Bonney's sentence after giving due consideration to that motion in light of the facts of the case, not because the court believed it was precluded from doing so by the plea agreement. After reviewing the entire record and giving the required deference to the district court's ruling, we cannot say the court abused its discretion in refusing to reduce Bonney's sentence. The order of the district court denying Bonney's motion for a sentence reduction is affirmed.

---

4. Interwoven in Bonney's arguments is a contention that the district court was required to specifically articulate in the order its findings regarding the information presented on the motion and its reasons for discounting that information. Bonney has not cited any authority, nor have we found any, imposing such a requirement on the district court.