2011 WY 64

**FREMONT COUNTY SHERIFF'S DEPARTMENT and Riverton Police Department, Petitioners,**

v.

**Raecheal STROM, Respondent.**

**Fremont County Sheriff's Department and Riverton Police Department, Petitioners,**

v.

**Rebecca Strom, Respondent.**

**Nos. S–09–0244, S–09–0245.**

Supreme Court of Wyoming.

April 13, 2011.

Representing Petitioners: Richard Rideout of Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming.

Representing Respondent Rebecca Strom: John H. Robinson and Richard R. Jamieson of Jamieson & Robinson, LLC, Casper, Wyoming. Argument by Mr. Robinson.

Representing Respondent Raecheal A. Strom: Laurence W. Stinson and Dawn R. Scott of Bonner Stinson, P.C., Cody, Wyoming. Argument by Mr. Stinson.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] The two appeals consolidated for decision in this opinion arise out of two negligence cases arising under the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through 121 (LexisNexis 2009), in which the petitioner governmental entities seek interlocutory review of the district court's order denying their motions to dismiss the respondents' amended complaints for alleged jurisdictional pleading deficiencies. Our recent decision in *Brown v. City of Casper, et al.*, 2011 WY 35, 248 P.3d 1136 (Wyo.2011), which was followed by *Madsen v. Bd. of Trustees of Memorial Hospital of Sweetwater County, Wyoming*, 2011 WY 36, 248 P.3d 1151 (Wyo.2011); and *Gess v. Flores*, 2011 WY 48, 249 P.3d 715 (Wyo.2011), is controlling authority to affirm the district court's order denying the motions to dismiss and permitting the respondents to amend their complaints to allege the dates on which they presented their notices of claims and to allege that their claims were signed under penalty of perjury in compliance with the signature and certification requirements of Article 16, Section 7, of the Wyoming Constitution, such amendments to relate back to

the date of filing of the original complaints in accordance with W.R.C.P. 15(c).

## ISSUE

[¶ 2]  The petitioner governmental entities state this issue:

> Whether a complaint which was filed within one year of presenting a notice of claim as required by the Wyoming Governmental Claims Act, but which failed to allege compliance with the Act and the constitutional requirements, can be amended after the one year deadline to allege such compliance and whether that amendment "relates back" to the date of the filing of the original complaint, when as a matter of law the district court did not have subject matter jurisdiction at the time the action was filed.

## FACTS

[¶ 3]  Sisters Raecheal and Rebecca Strom were injured on November 7, 2004, when the vehicle in which they were riding was struck inside the city limits of Riverton, Wyoming, by a vehicle driven by Amber Groves, who was fleeing at an excessive rate of speed from pursuing law enforcement officers of the Fremont County Sheriff's Department and the Riverton Police Department. Between October 19 and 24, 2006, Raecheal and Rebecca each timely presented their individual written notice of claim signed under penalty of perjury to the petitioner governmental entities as required by Wyo. Stat. Ann. § 1–39–113(a) and Article 16, Section 7, of the Wyoming Constitution. Each sister timely filed suit, Raecheal filing hers on October 5, 2007, and Rebecca filing hers on October 17, 2007, as required by the one-year statute of limitations in Wyo. Stat. Ann. § 1–39–114. Although each sister's original complaint alleged that a notice of claim had been presented, as required by *Board of Trustees of the University of Wyoming v. Bell,* 662 P.2d 410, 415 (Wyo.1983), *overruled by Brown v. City of Casper, et al.,* 2011 WY 35, 248 P.3d 1136 (Wyo.2011), each original complaint did not meet the requirement of alleging the date of filing of the notice of claim. *Amrein v. Wyoming Livestock Bd.,* 851 P.2d 769 (Wyo.1993), *overruled by Brown v. City of Casper, et al.,* 2011 WY 35, 248 P.3d 1136

(Wyo.2011).  In this regard, Raecheal's original complaint did not allege any date, and Rebecca's original complaint alleged an incorrect date of November 22, 2006, instead of the correct date of October 19, 2006.  Although each original complaint alleged that the notice of claim was "under the penalty of perjury," each did not specifically allege compliance with Article 16, Section 7, of the Wyoming Constitution, as that provision was not recited in either original complaint. *Beaulieu v. Florquist,* 2004 WY 31, ¶ 15, 86 P.3d 863, 868–69 (Wyo.2004), *overruled by Brown v. City of Casper, et al.,* 2011 WY 35, 248 P.3d 1136 (Wyo.2011).

[¶ 4]  Each sister filed an amended complaint, Raecheal filing hers on November 26, 2007, and Rebecca filing hers on December 12, 2007.  Both amended complaints were filed after expiration of the one-year statute of limitations of § 1–39–114.  Each amended complaint alleged the correct date of presentation of the notice of claim, but each did not specifically allege compliance with the constitutional provision.  The petitioner governmental entities filed motions to dismiss the amended complaints.  On August 31, 2009, the district court denied those motions and, pursuant to W.R.C.P. 15(c)(2), permitted the sisters to file second amended complaints to cure the pleading deficiencies with the amendments to relate back to the date of filing of the original complaints.

[¶ 5]  Each sister filed second amended complaints which met all three of the allegation requirements.  The petitioner governmental entities again filed motions to dismiss those amended complaints.  On November 16, 2009, the district court again denied those motions.  The petitioner governmental entities timely filed their petition for writ of review which this Court granted, and this Court consolidated the two cases for purposes of briefing, oral argument, and decision.

## DISCUSSION

[¶ 6]  Our recent decision in *Brown v. City of Casper, et al.,* 2011 WY 35, 248 P.3d 1136 (Wyo.2011), which was followed by *Madsen v. Board of Trustees of*

*Memorial Hospital of Sweetwater County, Wyoming,* 2011 WY 36, 248 P.3d 1151 (Wyo. 2011); and *Gess v. Flores,* 2011 WY 48, 249 P.3d 715 (Wyo.2011), is controlling authority to affirm the district court's order denying the petitioner governmental entities' motions to dismiss and permitting the respondent sisters to amend their complaints to allege the dates of presentation of their notices of claims and to allege that their notices of claims were signed under penalty of perjury in compliance with the signature and certification requirements of Article 16, Section 7, of the Wyoming Constitution. In *Brown* we recognized that, pursuant to the pertinent constitutional and statutory provisions governing claims and actions against the governmental entities, the district courts have subject matter jurisdiction to hear and decide actions brought against such entities, whether or not compliance with those provisions is alleged, if a notice of claim complying with the requirements of those provisions has been presented to the appropriate governmental entity. District courts also have jurisdiction to permit the amendment of a complaint to allege presentation of a notice of claim complying with the statute and constitution when such a notice was in fact timely presented. *Brown,* ¶ 44, 248 P.3d at 1146–47. We held that, in accordance with W.R.C.P. 15(c), the amendment of a complaint to allege compliance with the constitutional and statutory requirements relates back to the date of the filing of the original complaint.

[¶ 7] The district court's rulings in the instant litigation correctly follow our decision in *Brown.* Consequently, we affirm.

GOLDEN, J., delivers the opinion of the Court; VOIGT, J., files a specially concurring opinion.

VOIGT, Justice, specially concurring.

[¶ 8] I concur in the result of the majority opinion out of respect for the doctrine of *stare decisis,* but I believe the result is wrong. *See Gess v. Flores,* 2011 WY 48, ¶ 4, 249 P.3d 715, 717 (Wyo.2011) (Voigt, J., dissenting); *Madsen v. Bd. of Trustees of Mem'l Hosp. of Sweetwater County,* 2011 WY 36, ¶ 22, 248 P.3d 1151, 1155 (Wyo.2011) (Voigt, J., concurring in part and dissenting in part); and *Brown v. City of Casper,* 2011 WY 35, ¶¶ 57–59, 248 P.3d 1136, 1150 (Wyo. 2011) (Voigt, J., dissenting).