2011 WY 65

**Larry HOFFMAN, as Personal Representative of the Estate of Gregory Bryan Pickett, III, Deceased, Appellant (Plaintiff),**

v.

**Brian DARNELL, D.O., and Johnson County Hospital District, Appellees (Defendants).**

No. S–10–0165.

Supreme Court of Wyoming.

April 13, 2011.

Representing Appellant: Jeffrey J. Gonda and Amanda K. Roberts, Lonabaugh & Riggs, LLP, Sheridan, Wyoming.

Representing Appellees: Billie L.M. Addleman, Hirst Applegate, LLP; Scott P. Klosterman and Frank D. Neville, Williams, Porter, Day & Neville, PC, Casper, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] This case involves a claim arising under the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. §§ 1–39–101 through –121 (LexisNexis 2007). Appellant, Larry Hoffman, as personal representative of the estate of the decedent, Gregory Bryan Pickett, III, brought a wrongful death suit against Dr. Brian Darnell and the Johnson County Hospital District (Hospital). The district court dismissed the action with prejudice, finding that it lacked subject matter jurisdiction to allow Appellant to amend his complaint. We reverse.

## ISSUES

[¶ 2] Appellant presents the following issues:

1. Whether the district court has discretion to allow leave to amend a complaint pursuant to W.R.C.P. 15(a) to allege compliance with the constitutional and statutory requirements for governmental claims with specificity and, if so, whether the amendment relates back to the filing date of the original complaint.

2. Whether this Court usurped the authority of the Wyoming Constitution and the Wyoming Legislature by creating the "special pleading" rules, such that it violates the separation of powers between the branches of government.

3. Whether W.R.C.P. 12(h)(3) requires the district court to dismiss a complaint for lack of subject matter jurisdiction when it has notice the complaint is defective.

## FACTS

[¶ 3] Appellant, as personal representative of the decedent's estate, initiated a wrongful death action against the Hospital and Dr. Darnell upon filing a complaint in the Johnson County District Court. According to the complaint, on August 20, 2006, at 1:40 a.m., Mr. Pickett was taken to the Hospital's emergency room after complaining of back, side, and groin pain. Dr. Darnell, the treating physician and an employee of the

Hospital, diagnosed Mr. Pickett with a kidney stone. After observing Mr. Pickett for approximately 12 hours, Dr. Darnell discharged him from the Hospital. Later that evening, Mr. Pickett's wife called 911 after finding him unconscious in their bathroom. When the ambulance arrived, Mr. Pickett was pale and unresponsive. The personnel on duty at the Hospital were unable to resuscitate Mr. Pickett, and he was pronounced dead at 8:20 p.m. An autopsy determined that he did not have a kidney stone but that a leaking abdominal aortic aneurysm had caused his death.

[¶ 4] On February 4, 2008, Appellant presented a notice of claim to the Hospital. The notice of claim was timely filed and satisfied all the requirements set forth in Wyo. Stat. Ann. § 1–39–113(b) as to the contents of a notice of governmental claim. The claim was also signed and sworn to under penalty of perjury in compliance with Article 16, § 7 of the Wyoming Constitution.

[¶ 5] On April 25, 2008, Appellant filed suit against the Hospital and Dr. Darnell within the two-year statute of limitations for a wrongful death action set forth in Wyo. Stat. Ann. § 1–38–102. Appellant's complaint stated that "[a]ll conditions precedent to the bringing of this action have been performed or have occurred, including the processing to completion of an application for review of claim before the Wyoming Medical Review Panel, and the presentation and filing of this claim to and with the Johnson County Hospital District." The Hospital and Dr. Darnell answered and asserted affirmative defenses. At that time, neither the Hospital nor Dr. Darnell claimed that Appellant's complaint was insufficient to invoke the court's jurisdiction. The court held a scheduling conference on August 4, 2008, and set trial for the week of August 24, 2009.

[¶ 6] On July 28, 2009, approximately 15 months after the case commenced, and after the statutes of limitations for a wrongful death action and for a governmental claim had expired, Appellees asserted that the complaint was insufficient to invoke subject matter jurisdiction and that the action should be dismissed. Appellees filed a joint motion for judgment on the pleadings arguing the

complaint was deficient because it failed to allege the date on which the notice of claim had been presented to the Hospital and failed to allege that the claim complied with the signature and certification requirements of the Wyoming Constitution, as required by *Beaulieu v. Florquist,* 2004 WY 31, 86 P.3d 863 (Wyo.2004) (*Beaulieu II*). Appellant moved for leave to amend the complaint to allege compliance with the WGCA and Wyoming Constitution. Appellant attached a proposed amended complaint to the motion. The district court determined that it was without subject matter jurisdiction to grant Appellant leave to amend the defective complaint and dismissed the action with prejudice because the statute of limitations had expired. This appeal followed.

### STANDARD OF REVIEW

[¶ 7] Whether a court has subject matter jurisdiction is a question of law, which we review *de novo. Brown v. City of Casper,* 2011 WY 35, ¶ 8, 248 P.3d 1136, 1139 (Wyo. 2011).

### DISCUSSION

[¶ 8] The facts in this case are not in dispute. Appellant filed a notice of claim that complied with Wyo. Stat. Ann. § 1–39–113(b) and Article 16, § 7 of the Wyoming Constitution in all respects. In his complaint, however, Appellant did not allege the date on which the claim was presented to the Hospital and did not allege compliance with the constitutional signature and certification requirements for a notice of governmental claim. For this reason, the district court determined that it lacked subject matter jurisdiction to allow Appellant to amend the complaint.

[¶ 9] In *Brown v. City of Casper,* we resolved inconsistency in our precedent on the issue of whether jurisdiction is invoked by a pleading that fails to allege compliance with the WGCA and the Constitution and held that "subject matter jurisdiction is invoked upon the filing of a complaint alleging a claim against a governmental entity." *Id.,* ¶ 9, 248 P.3d at 1139. We further held that "in cases where a notice of claim has been properly

presented but the complaint fails to allege that fact, district courts have the discretion to allow amendment of the complaint to cure the failure." *Id.* We summarized our holding as follows:

> Pursuant to the constitution and the statute, the district courts have jurisdiction to hear and decide actions brought against governmental entities, whether or not compliance is alleged, if a notice of claim complying with the constitutional and statutory requirements has been presented. District courts also have jurisdiction to allow the amendment of a complaint to allege presentation of a notice of claim complying with the statute and constitution when such a notice was in fact timely presented. To the extent that [*Bd. of Trustees of Univ. of Wyoming v.*] *Bell* [662 P.2d 410 (Wyo.1983)] and its progeny held otherwise, those decisions are overruled.

*Id.,* ¶ 44, 248 P.3d at 1146–47. Finally, we held that, in accordance with W.R.C.P. 15(c), the amendment of a complaint to allege compliance with the constitutional and statutory requirements for a governmental claim relates back to the date of the filing of the original complaint. *Id.,* ¶ 46, 248 P.3d at 1147.

[¶ 10] We reaffirmed this holding in *Madsen v. Bd. of Trs. of Mem'l Hosp.,* 2011 WY 36, 248 P.3d 1151 (Wyo.2011), *Gess v. Flores,* 2011 WY 48, 249 P.3d 715 (Wyo.2011), and *Fremont County Sheriff's Dep't v. Strom,* 2011 WY 64, 252 P.3d 939 (Wyo.2011). Our decisions in those cases are controlling on the question presented in Appellant's first issue and require reversal of the district court's order dismissing Appellant's complaint and denying Appellant's motion to amend the complaint. In light of this disposition, we do not address Appellant's remaining issues.

[¶ 11] We reverse and remand to the district court for further proceedings consistent with this opinion.

VOIGT, Justice, specially concurring.

[¶ 12] I concur in the result of the majority opinion out of respect for the doctrine of *stare decisis,* but I believe the result is wrong. *See Fremont County Sheriff's Dep't*

*v. Strom,* 2011 WY 64, ¶ 8, 252 P.3d 939, 942 (Wyo.2011) (Voigt, J., specially concurring); *Gess v. Flores,* 2011 WY 48, ¶ 4, 249 P.3d 715, 717 (Wyo.2011) (Voigt, J., dissenting); *Madsen v. Bd. of Trustees of Mem'l Hosp. of Sweetwater County,* 2011 WY 36, ¶ 22, 248 P.3d 1151, 1155 (Wyo.2011) (Voigt, J., concurring in part and dissenting in part); and *Brown v. City of Casper,* 2011 WY 35, ¶¶ 57–59, 248 P.3d 1136, 1150 (Wyo.2011) (Voigt, J., dissenting).