2011 WY 152

**John Kevin ECKDAHL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0042.**

Supreme Court of Wyoming.

Nov. 8, 2011.

---

Representing Appellant: John Kevin Eckdahl, pro se.

Representing Appellee: Gregory A. Phillips, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] On January 13, 2009, John Kevin Eckdahl was sentenced following his conviction for possession of a controlled substance with intent to deliver. On January 28, 2010, he filed a motion to modify his sentence. The district court denied the motion as untimely pursuant to W.R.Cr.P. 35(b), which allows a motion for sentence modification "within one year after the sentence is imposed." Mr. Eckdahl did not appeal the district court's denial of his motion, but instead filed a petition for reconsideration, followed by another motion to reduce his sentence. The district court entered an order denying both the petition for reconsideration and the pending motion for sentence reduction. Mr. Eckdahl, appearing *pro se,* challenges the district court's order. We will dismiss for lack of subject matter jurisdiction.

### ISSUES

[¶ 2] Mr. Eckdahl's issues, reworded for the sake of clarity, are as follows:

1. Did the State breach the plea agreement with Mr. Eckdahl, entitling him to withdraw his guilty plea?

2. Did defense counsel breach his obligations to Mr. Eckdahl?

3. Were Mr. Eckdahl's due process rights violated?

4. Did this Court's failure to appoint appeal counsel for Mr. Eckdahl deny him meaningful access to the law and to the courts?

The State responds that this Court lacks jurisdiction to consider Mr. Eckdahl's claims, and further contends that, if we reach the merits of these claims, the district court committed no abuse of discretion in denying Mr. Eckdahl's motion for reconsideration and his motion for sentence reduction.

### FACTS

[¶ 3] In 2008, Mr. Eckdahl was indicted by a federal grand jury on a charge of conspiracy to possess a controlled substance with intent to distribute. A warrant for his arrest was issued, and on May 30, 2008, officers of the Sublette County Sheriff's Department arrested him. While searching Mr. Eckdahl, officers found a vial of methamphetamine. They found another 46 grams of methamphetamine in a container from Mr. Eckdahl's briefcase. Mr. Eckdahl was charged in state court with one count of possession of a controlled substance with intent to deliver, in violation of Wyo. Stat. Ann. § 35–7–1031(a)(i) (LexisNexis 2007), and one count of possession of a controlled substance in an amount over three grams, in violation of Wyo. Stat. Ann. § 35–7–1031(c)(ii).

[¶ 4] On August 22, 2008, Mr. Eckdahl entered a plea of guilty in the federal district court. In accordance with his plea agreement, Mr. Eckdahl was sentenced to 70 months imprisonment, but it was further agreed that his sentence could be reduced if he cooperated with local, state, or federal authorities.

[¶ 5] Mr. Eckdahl initially pleaded not guilty to the charges in state court. He later reached a plea agreement, and changed his plea to guilty on the first count. The second count was dismissed. At the change of plea hearing, defense counsel explained that "the gist of the plea agreement" was that the recommended sentence on the state charge should "not exceed" the sentence Mr. Eckdahl received on the federal charge. Defense counsel further explained that "there may be a later modification of the federal sentence in the form of a downward departure, [and] if there is such a downward departure we would come back before this court, [with] a motion to modify the state sentence to match the new federal sentence."

[¶ 6] The prosecutor then read the plea agreement into the record:

[Prosecutor]: Mr. Eckdahl is charged with Count I, possession of a controlled substance, methamphetamine, with intent to deliver, a felony, in violation of Wyoming Statute 35–7–1031(a)(i). He is also charged with Count II, possession of a controlled substance, methamphetamine, in an amount greater than three grams, a felony, in violation of Wyoming Statute 35–7–1031(c)(ii). In consideration of these mutual terms and covenants and the conditions of this Statement of Agreement, with

respect to the parties identified earlier agree with one another and hereby represent, submit and recommend to the Court as follows: Defendant, John Kevin Eckdahl, will enter a plea of guilty to [Count I]. . . . The parties have agreed to make a joint recommendation to the Court regarding Defendant's sentence. Defendant's sentence would be for a time from two to four years in the Wyoming State Penitentiary and that would be concurrent with Mr. Eckdahl's sentence in the federal case. . . . Defendant has already been sentenced in that case to a term of imprisonment of 70 months. In exchange for Defendant's guilty plea the State will agree to dismiss [Count II]. . . . Furthermore the State would agree not to object in the future should the Defendant become eligible for a sentence reduction in the federal case based upon several factors that are still up in the air, I think cooperation with further prosecutions would be the primary one, so should the federal sentence be reduced to an amount of time that would affect the period of time the Defendant would serve in this case, the State would not object to ... Defendant bringing a motion for sentence reduction in this case to reduce the sentence such that Defendant would again serve concurrent time in the federal case. I guess what I'm saying, your Honor, to make it perfectly clear is that if Defendant's [federal] sentence is reduced to such amount that he would be sent to Rawlins, the state penitentiary, after he serves his federal sentence then the State would have no objection to sentence reduction, however, if the Defendant's federal sentence were not reduced it would have no effect on maxing out his top number, in that case there would be no reason for sentence reduction and the State would object to sentence reduction.

COURT: Under this where would the actual sentence be served? In the federal system?

[Prosecutor]: Yes, your Honor.

COURT: That's what I thought, okay.

[Prosecutor]: [T]his is the entirety of the agreement that I've presented to the Court. The Defendant understands that any other promises made by anybody pursuant to outside of what's been outlined here are null and void and as I said, that's the entirety of the agreement, that's everything, your Honor.

COURT: Thank you, Mr. [Prosecutor]. Mr. [Defense Counsel], do you agree that what's just been outlined on the Record by the prosecutor constitutes the essential and only terms of the parties' plea agreement in this case?

[Defense Counsel]: It does, your Honor.

COURT: Okay. Any amendments, corrections, anything that I need to—

[Defense Counsel]: No, I just would like the Record to reflect that I think the purpose of the plea agreement in regard to a potential modification of his state [sentence] is to reflect that the parties agree that under no circumstances shall the Defendant serve any time on his state charge in excess of that which he serves on his federal charge and that may require a sentence modification down the road.

COURT: Any problem with that, Mr. [Prosecutor]?

[Prosecutor]: No. I think that pretty much is what I said essentially, your Honor, this would be—I think what is contemplated by the parties is that once Mr. Eckdahl serves his federal sentence he's done with both. Would that be correct, Mr. [Defense Counsel]?

[Defense Counsel]: Absolutely.

COURT: Okay. Mr. Eckdahl, is this your understanding of the terms of this plea agreement to dispose of these charges against you today?

[Mr. Eckdahl]: Yes, sir.

After some further questioning, the district court announced that it would reserve ruling on the plea agreement, "pending completion of the Pre–Sentence Investigation Report and consideration of the recommendation for a sentence of two (2) to four (4) years in the Wyoming State Penitentiary."

[¶ 7] Following completion of the Pre–Sentence Investigation Report, a sentencing hearing was held. During that hearing, defense counsel reiterated that the plea agreement was for a recommended sentence of

two to four years imprisonment on the state charge, but that a motion for reduction could be filed if Mr. Eckdahl's federal sentence were reduced "below the two to four [year] sentence ... so that this Defendant did not spend any more time incarcerated on his state sentence than on his federal sentence." The district court, while expressing concern that the recommended sentence could be perceived as too lenient, "reluctantly" accepted it:

> [T]he Court sentences you to serve a term in the Wyoming State Penitentiary of two years to four years. This term in the Wyoming State Penitentiary shall be considered concurrent to the federal sentence that you received.... If there is a downward departure in that federal sentence that reduces your sentence in that federal case below the two to four year sentence that this Court has imposed then this Court will permit you to come back before the Court for consideration of a sentence modification.

[¶ 8] The district court later confirmed its oral sentence by entering a written sentence on January 23, 2009. The sentencing document provided:

> IT IS THE SENTENCE OF THE COURT [that] Defendant be sentenced to no less than two (2) no more than four (4) years in the Wyoming State Penitentiary, to run concurrent with the Federal Sentence ... with credit for ninety (90) days served off the minimum and maximum sentence. If Defendant receives a reduced sentence in the Federal case, then Defendant may petition this Court for a sentence modification.

Mr. Eckdahl did not appeal his conviction or his sentence.

[¶ 9] On July 9, 2009, Mr. Eckdahl, through his defense counsel, filed a "Motion for Sentence Termination Hearing." The motion asserted that the United States District Court had recommended that he participate in the federal prison's "500–hour Intensive Drug Treatment Program," but that he would not be eligible for the program while serving a concurrent state sentence.

[¶ 10] At the hearing on this motion, defense counsel clarified that Mr. Eckdahl was not yet eligible to participate in the drug treatment program, and would not be until he had served more time on his federal sentence. Mr. Eckdahl was concerned that if he did become eligible for the drug treatment program, he could not participate if he was still serving his concurrent state sentence. Accordingly, Mr. Eckdahl sought to reduce his state sentence "in advance." Defense counsel also indicated his understanding that Mr. Eckdahl was required to file his motion for sentence reduction within "a year from the date of the judgment and sentence, so that's the reason why we're here early." Based on this argument, the State responded that the motion was "premature" because Mr. Eckdahl's federal sentence had not yet been reduced. The district court agreed with the State. It denied Mr. Eckdahl's motion, but stated that it was "without prejudice."

[¶ 11] On October 26, 2009, Mr. Eckdahl's federal sentence was reduced from seventy months to sixty months. However, Mr. Eckdahl did not file his second motion for sentence reduction until January 28, 2010. Acting *pro se,* he asserted that his federal sentence had been reduced, and so he sought a reduction of his state sentence. The State replied that the reduced federal sentence, 60 months, was still longer than his state sentence of two to four years. On that basis, the State asserted that there was no reason to reduce the state sentence, and asked the district court to deny Mr. Eckdahl's motion.

[¶ 12] The district court denied this second motion, but on other grounds. It cited W.R.Cr.P. 35(b), which allows a motion for sentence reduction "within one year after the sentence is imposed." It noted that Mr. Eckdahl had been sentenced orally on January 13, 2009, with the written sentencing order filed on January 23, 2009. Mr. Eckdahl's motion was dated January 25, 2010, and filed on January 28, 2010. The district court therefore denied the motion as untimely.

[¶ 13] Mr. Eckdahl did not appeal from the district court's decision, but on April 6, 2010, filed a petition for reconsideration. The

State responded that, pursuant to this Court's decision in *Plymale v. Donnelly*, 2006 WY 3, ¶ 5, 125 P.3d 1022, 1024 (Wyo.2006), motions for reconsideration are not allowed, and are considered "nullities." The State argued that Mr. Eckdahl's petition for reconsideration was a nullity, and the district court lacked jurisdiction to consider it. The district court did not immediately rule on the petition for reconsideration.

[¶ 14] On August 2, 2010, Mr. Eckdahl filed a third motion for sentence reduction, again acting *pro se*. He reasserted that his concurrent state sentence prevented him from participating in a drug rehabilitation program offered through the federal prison, and asked the district court to reduce or terminate his state sentence "in order that he may be able to participate and reap the benefit of the Federally Mandated Drug Awareness Program for which he had been judicially recommended." The State responded that Mr. Eckdahl had been sentenced on January 13, 2009. The motion, filed on August 2, 2010, was more than a year after the sentencing, and pursuant to W.R.Cr.P. 35(b), was untimely, and should be denied.

[¶ 15] On December 2, 2010, the district court entered its order denying Mr. Eckdahl's third motion for sentence modification, and also denying his petition for reconsideration. The district court pointed out that Mr. Eckdahl's second motion for sentence reduction had been untimely, and that his "further requests for Sentence Modification and reconsideration of the earlier denial must, likewise, be denied because the Court lacks subject matter jurisdiction to act." Mr. Eckdahl appealed the district court's decision to deny his petition for reconsideration and his third motion for sentence reduction.

### STANDARD OF REVIEW

[¶ 16] The denial of a motion for sentence reduction is reviewed for abuse of discretion. *LeGarda–Cornelio v. State*, 2009 WY 136, ¶ 6, 218 P.3d 968, 969 (Wyo.2009). Whether a court has subject matter jurisdiction is a question of law, reviewed *de novo*. *Hoffman v. Darnell*, 2011 WY 65, ¶ 7, 252 P.3d 936, 938 (Wyo.2011).

### DISCUSSION

[¶ 17] Although Mr. Eckdahl's first motion for sentence reduction was not appealed and is not at issue, we note that it was within the district court's discretion to deny the motion as premature. Mr. Eckdahl's second motion for sentence reduction was filed more than one year after his sentencing. Pursuant to W.R.Cr.P. 35(b), the motion was untimely. The district court correctly ruled that it lacked subject matter jurisdiction to consider the motion. Mr. Eckdahl's petition for reconsideration was not authorized under Wyoming law, and the district court did not err in denying it. *Plymale*, ¶ 7, 125 P.3d at 1024. Mr. Eckdahl's third motion for sentence reduction was also filed more than one year after his sentencing, and the district court properly concluded that it lacked jurisdiction to consider the untimely motion. *Tomlin v. State*, 2001 WY 121, ¶ 6, 35 P.3d 1255, 1256 (Wyo.2001).

[¶ 18] Perhaps tacitly conceding the soundness of these decisions, Mr. Eckdahl does not directly challenge them on appeal. Instead, in his first issue, he claims that he is entitled to relief because the State breached its plea agreement with him. According to Mr. Eckdahl, "[i]n a nutshell, the plea agreement and the sentence imposed ... stated: 'If Defendant receives a reduced sentence in the Federal case, then Defendant may petition this Court for a sentence modification.'" Because his federal sentence was reduced, he insists that he was entitled to seek a reduction of his state sentence. The State breached the plea agreement, he maintains, because it opposed his motions for sentence reduction.

[¶ 19] Mr. Eckdahl misunderstands or misrepresents his plea agreement and sentence. They provided that he would receive a state sentence of two to four years, but could seek a reduction of that sentence *if his federal sentence was reduced to less than two to four years*. This term of the agreement was set forth plainly by both the prosecution and the defense when the plea agreement was explained to the district court, as quoted in paragraph six above. In addition,

it was stated clearly by the district court when it sentenced Mr. Eckdahl:

If there is a downward departure in that federal sentence *that reduces your sentence in that federal case below the two to four year sentence that this Court has imposed* then this Court will permit you to come back before the Court for consideration of a sentence modification.

(Emphasis added.)

[¶ 20] Mr. Eckdahl's federal sentence was reduced from seventy months to sixty months. It was never reduced below the two to four year state sentence. Thus, under the terms of his plea agreement and sentence, Mr. Eckdahl was not entitled to seek a reduction of his state sentence. The State did not breach the plea agreement by opposing the motion for sentence reduction. Further, because he was not entitled to seek a sentence reduction, there is no merit to Mr. Eckdahl's complaints against his defense counsel, or to his claim of due process violations.

 [¶ 21] As his final issue, Mr. Eckdahl argues that he was denied meaningful access to the law and to the courts by this Court's denial of his motion for appointment of appellate counsel. There is, however, no requirement that a defendant be appointed counsel for motions seeking post-conviction relief.

"The Sixth Amendment right to counsel accrues at the time adversary judicial proceedings are initiated against the defendant. Counsel is required not just at trial, but at 'critical stages' both before and after trial in which the substantial rights of the accused may be affected." *Pearl v. State*, 996 P.2d 688, 689 (Wyo.2000). Additionally, under Wyo. Stat. Ann. § 7-6-104(c)(vi) (LexisNexis 2003), a needy person who is entitled to be represented is "to be represented by counsel at every stage of the proceedings, from the time of the initial appointment by the court until the entry of final judgment, at which time the representation shall end, unless the court appoints counsel for purposes of appeal, correction or modification of sentence."
... As can be seen by § 7-6-104, there is no statutory requirement for appointment

of counsel at every post-trial motion.... Likewise, the United States Constitution does not require counsel for indigent defendants seeking post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 7–8, 109 S.Ct. 2765, 2769, 106 L.Ed.2d 1 (1989).

*Patrick v. State*, 2005 WY 32, ¶¶ 16–17, 108 P.3d 838, 843–44 (Wyo.2005). *See also Gould v. State*, 2006 WY 157, ¶ 32, 151 P.3d 261, 269 (Wyo.2006).

[¶ 22] To summarize our decision in this case, we agree with the district court that Mr. Eckdahl's second and third motions for sentence reduction were untimely. On that basis, the district court correctly ruled that it lacked subject matter jurisdiction to consider the motions. Further, the district court correctly ruled that petitions for reconsideration are not authorized under Wyoming law, so that it also lacked subject matter jurisdiction to consider Mr. Eckdahl's petition for reconsideration. Because "the district court had no jurisdiction, this court is without jurisdiction to consider the appeal." *Stewart v. State*, 654 P.2d 727, 727 (Wyo.1982). Mr. Eckdahl's appeal is therefore dismissed.